SMITH *vs.* ECKLES & ABERCROMBIE.

1. Where Eckles & Abercrombie were the defendants in error, and on the bill of exceptions was an acknowledgment of service signed "Eckles & Abercrombie per John T. Eckles," it nowhere appearing who John T. Eckles was, the service was not sufficient.
2. One who takes a homestead or exemption, can only have set apart property owned by him at the time. The fact that one who did not own a horse or mule included in his petition for an exemption "one farm horse or mule," and that it was allowed, did not operate to exempt a horse subsequently purchased.

Practice in the Supreme Court. Homestead. Before Judge SPEER. Newton County. At Chambers. February 17th, 1880.

A *fi. fa.* in favor of Eckles & Abercrombie *vs.* Smith *et al.* was levied on a horse, and Mrs. Smith claimed it as exempted property. On the trial in the justice court where the case originated, it appeared that at the time Smith obtained his exemption he did not own a horse. In his schedule, however, he included "one farm horse or mule." Subsequently he bought a mule, and still later traded it for the horse now levied on. This it was claimed was exempt. The jury found it subject. Claimant peti-

tioned for the writ of *certiorari*, which was refused, and she excepted. For the other facts see the decision.

JACKSON, Chief Justice.

1. The bill of exceptions in this case has an acknowledgment of service upon it signed in these words, "Eckles & Abercrombie per John T. Eckles." It nowhere appears either in the bill of exceptions or in the record who John T. Eckles is, whether one of the defendants in error or counsel for them, or in what character he acknowledged service for that firm. So that the bill of exceptions, not being properly served, might well be dismissed. But counsel having argued the case on the merits without noticing the point, we proceed to consider the real point on the merits.

2. That point is that the horse levied on was exempt, and the wife of defendant in execution could claim it—though it was not exempt actually, because the defendant had no horse at all when he had his exemption of personalty set apart. The idea of plaintiff in error is that though he had no horse to exempt at the time he applied for his exemption and made out his schedule, yet as he put in the schedule the words "one horse," those words operated to exempt this horse bought a year or two afterwards.

We think that he should have had the horse exempted after it became his property. It does not appear that he was bought from the proceeds of any property sold which had belonged to him at the time he filed his application, or that was contained in his schedule ; and in no view of the law does the record show that the horse was not subject to be sold to pay the plaintiff's debt.

The judge, therefore, was right in declining to grant the writ of *certiorari*, which was applied for from the verdict of a jury in the justice court which condemned the horse claimed as subject to plaintiff's execution.

Judgment affirmed.