CRAIG *et al. vs.* WEBB, sheriff, *et al.*

1. Where there are various claimants of a fund under a money rule,. and some of them except to the judgment, all of the claimants: interested in sustaining the judgment of the court below must be made parties defendant to the bill of exceptions; and this can only be done by serving them or obtaining acknowledgments of service. The sheriff need not be served.

(*a*.) Claimants of the fund interested in sustaining the judgment below cannot be made parties plaintiff in error, by amendment to the: bill of exceptions, on motion of the dissatisfied suitor.

2. Necessary defendants to a bill of exceptions, who have not been served, may appear by themselves, or counsel appearing of record,. or whose representation is not contested, acknowledge service and consent for the case to proceed. But if other necessary parties are still omitted, the case must be dismissed.

3. In the present case, only the sheriff and one claimant of the fund were served, there being several to whom money was awarded. The claimant served, by consent, assigned certain errors in rulings of the court, under the bill of exceptions filed by plaintiff in error:

*Held*, that this did not change the defendant to a plaintiff in error.. Had it done so, no substantial party defendant in error, who had been served, would be left.

March 13, 1883.

Practice in Supreme Court.   Parties.   Before Judge Brown.   Milton Superior Court.   August Term, 1882.

A money rule was tried in Milton Superior Court. Webb, sheriff, had raised a fund by the sale of the property of one Rogers. Craig ruled him, and others having judgments against Rogers became parties and claimed the fund,. viz: Medlock, Palmer, Rogers, Silvey, Bell and Brown,. Baugh, Sloan, Strickland and his wife, Taylor, and W. E. Simmons, attorney. The case was heard on the rule and answer. The court awarded certain sums to the following: claimants: Simmons, Bell and Brown, Strickland and wife,. Medlock, and Sloan, and the balance of the fund to Strickland. Craig excepted. Strickland and wife joined in the bill of exceptions, and assigned error on certain rulings of the: court. Service of the bill of exceptions was acknowledged.

by the attorneys for Strickland and wife and by Webb, sheriff. On the call of the case, counsel for defendant in error moved to dismiss the writ of error for want of service on necessary parties. The motion was sustained.

THOS. L. LEWIS; W. E. SIMMONS; H. P. BELL; H. L. PATTERSON, for plaintiffs in error.

GEORGE N. LESTER; CLINTON WEBB, in *propria persona*; L. E. BLECKLEY, for defendants.

JACKSON, Chief Justice.

This is a bill of exceptions brought by G. W. F. Craig, Anderson S. Bell and John Silvey, who assign error to a judgment of the superior court of the county of Milton on a money rule against the sheriff, to which themselves and Louisa J. Rogers, B. J. Brown, Robert Medlock, Mathew Sloan, James M. Taylor, L. J. Rogers, Hardy and Eliza Strickland, and R. P. Baugh were parties in the court below. No party is made defendant to this bill of exceptions but Hardy and Eliza Strickland, who alone are served with it by acknowledgment of service by their counsel. A motion was made by counsel for G. W. F. Craig, one of the plaintiffs in error, to amend the bill of exceptions by adding thereto the names of Robert Medlock, John Palmour, Louisa J. Rogers, Robert P. Baugh James M. Taylor and Wm. E. Simmons as plaintiffs in error.

1. Whilst the statute of 1880–81, pp. 123, 124, addenda to Code, 4272 (b), dispenses with making the sheriff a party to a rule to distribute money, it requires service on all claimants of the fund who are interested in sustaining the judgment of the court below to be made parties defendant to the bill of exceptions by service. The only mode of making a party defendant to a bill of exceptions is to serve him with a copy or to get his acknowledgment thereof. No one else is a party defendant to the bill of exceptions.

Code, §4259. Medlock and Sloan got a part of the money under the judgment of the court below distributing it, and they are interested in the affirmance of the judgment, and must be made parties defendant to the bill of exceptions. If made parties plaintiff thereto, they would be on the wrong side. We know of no law by which it can be done. The Code, addenda §4272 (b), is imperative that they be made defendants to the writ of error, and the Code, §4259, points out the only way in which that can be done, and that is by serving them. The sheriff is not a party defendant necessarily and substantially, as the administrator was in the case in 62 *Ga.*, 135, 138, but the case falls within the ruling in 66 *Ga.*, 247, where the motion to amend was denied. The interest here, as in the 66th, is antagonistic to plaintiffs in error.

The case in the 62 *Ga.*, 138, was brought by the administrator against the contestants for the fund; this is a rule by one of the contestants against the sheriff, and to which the other contestants were made parties, and were parties against the plaintiff in the rule. The motion to make Medlock a party plaintiff in error, when he does not have any error to complain of, but must want the judgment which gave him the money below affirmed, must therefore be denied. The motion to amend does not include Sloan. If it did, it would be ruled in the same way. And the same applies to Wm. E. Simmons and Louisa J. Rogers, who are interested in the affirmance of the judgment.

So far as Wm. E. Simmons is affected, he could acknowledge service, and he might also for Medlock, as attorney for him, if the fact appeared of record or was undisputed, under Code, section 4259; but the trouble would still exist as to Sloan and Louisa J. Rogers. We can, therefore, see no way out of the trouble in which the cause is involved than to dismiss it. It is true, that the counsel for the Stricklands do also assign error as to others in the bill of exceptions, but that is a mere permissive right. Their

acknowledgment of service was procured to make them defendants in error; and if they are not, no substantial party is, and the case would go out, because there would be no defendant at all.

Dismissed for want of service.