### REDMAN *v.* HITCHINS.

In order for an acknowledgment of service entered upon a bill of exceptions and signed by one other than the defendant in error to evidence legal service thereof, it must affirmatively appear that the person signing such acknowledgment was the attorney for the defendant in error. When this does not appear, either from the bill of exceptions or the record, the writ of error will be dismissed.

Submitted April 8,—Decided April 27, 1901.

*C. L. Redman*, for plaintiff in error.

FISH, J. No service of the bill of exceptions in this case was made upon the defendant in error. Attached to the bill of exceptions is an acknowledgment of service signed, "Dempsey & Mills." There is nothing in the record to indicate who they are, or that they have ever had any connection whatever with the case, here or in the court below. There was no appearance for the defendant in error. The bill of exceptions must be served upon the opposite party or his attorney, or service of the same must be acknowledged. There being neither service nor acknowledgment thereof in the present case, we are constrained to dismiss the writ of error. See *Smith* v. *Eckles & Abercrombie*, 65 *Ga.* 326.

*Writ of error dismissed. All the Justices concurring.*