## HALL v. DAVIS.

In an action of complaint for land, where the plaintiff, through mesne conveyances, deraigns title from the defendant, and the defendant amends his plea by alleging that the deeds under which the plaintiff claims title were, by mutual mistake of the parties, so drawn as to include the land in controversy, which was known by plaintiff and those under whom she claims; and prays that the plaintiff's grantor be made a party, and the deeds be reformed; and where the plaintiff's grantor is made a party and a verdict is rendered for the plaintiff, and the original defendant excepts: *Held*, (1) that the plaintiff's grantor is a necessary party and should have been served with a copy of the bill of exceptions; (2) that the bill of exceptions is not amendable by adding such omitted party, as a coplaintiff in error; (3) that the writ of error must be dismissed.

Submitted May 28,—Decided November 15, 1907.

Motion to dismiss the writ of error.

*Quincey & McDonald,* for plaintiff in error.

*Wilson, Bennett & Lambdin, F. Willis Dart,* and *Charles T. Roan,* contra.

EVANS, P. J. Annie B. Davis brought complaint for land against Mark Hall and obtained a verdict, which was set aside in this court (*Hall* v. *Davis,* 122 *Ga.* 253). It appears, from the report of that case, that the real controversy between the parties related to the identity of the land included in a deed from the defendant, Hall, to one Mrs. Brown, under whom the plaintiff claimed title. It appeared on the former trial that the defendant was permitted to testify, without objection, that he sold a certain parcel of land to Mrs. Brown, and that he and she went on the premises and he pointed out to her, as the western boundary, a divisional line previously run by him between his land and the land of the Southern Pine Company. Subsequently to the execution of the deed to Mrs. Brown, the Southern Pine Company had a survey made, and a divisional line run between its land and Hall's land; which line was ninety-two feet west of the divisional line previously run by Hall, and upon which Mrs. Brown and those claiming under her had erected a fence. The land in controversy, which was included between the two divisional lines was never intended to pass under the deed from Hall to Mrs. Brown. The court instructed the jury that the deed from Hall to Mrs. Brown included the premises in dispute, and that the plaintiff, whose mesne con-

veyances covered the same land, was entitled to a verdict. On exception to this charge, this court held that when a deed describes land as bounded on one side by land of a third person, the true boundary line between the land conveyed and the land of such third person must be taken as the boundary line, and not a conventional line agreed upon in parol between the parties at the time the deed was executed, if there be a variance between such two lines. It was further said, in the opinion, that Hall must stand by the terms of his deed, unless it be reformed. A new trial was granted upon another point, which it is not necessary to notice. When the case came on for trial for the second time, the defendant filed an amendment, in which he set out that the land in controversy, for the reasons above stated, was never intended to be sold, and was not in fact sold by him to Mrs. Brown; that the mistake in the deed was mutual, as to both the grantor and the grantee, at the time of the execution of the deed. This amendment further set out, that Mrs. Brown conveyed this land, using the same descriptive terms, to George W. Bennett, who at the time of its purchase had knowledge of the mutual mistake of the parties in describing the land in the first deed; that Bennett always recognized, as the true western boundary line, the one claimed by the defendant; that no one ever disputed the defendant's title until after the plaintiff came into possession of the land, which was actually sold, as she contends, by virtue of a sale of the property made by her, as administratrix of Bennett, to George W. Lott, and a conveyance from Lott to her, which was alleged to be only a colorable transaction, with no consideration passing from Lott to the administratrix, nor from her individually to Lott. The amendment further alleged, that even if the plaintiff obtained any title to the land at all, she took the title of Bennett with all of its infirmities, and with full knowledge of the mistake in the deed. In consideration of the premises, the defendant prayed that the deed from himself to Mrs. Brown, the deed from Mrs. Brown to Bennett, the deed from Annie B. Bennett as administratrix of Bennett to Lott, and the deed from Lott to Annie B. Bennett (now Annie B. Davis) be reformed, so that each shall describe the tract of land as sold by Mark Hall to Mrs. Brown. The court, in response to the prayer in the amendment, passed the following order: "It is ordered by the court that G. W. Lott be, and he is hereby made

a party defendant in the above-stated case." Lott acknowledged service of both the original petition and the answer of the defendant. Afterwards the case proceeded to trial and resulted in a verdict for the plaintiff. Hall moved for a new trial, which being refused, he sued out a writ of error, complaining of the overruling of his motion for new trial. Annie B. Davis was named as the defendant in the bill of exceptions, and service was made upon her. On the call of the case in this court, she moved to dismiss the writ of error, on the ground that G. W. Lott is a necessary party, but is not named as such in the bill of exceptions, and no service had been made upon him. In reply to this motion Hall moved to amend the bill of exceptions by making Lott a party plaintiff in error.

The motion and the counter-motion involve two propositions. The first is whether Lott is an indispensable party to the writ of error. It appears from the record that Lott conveyed the land in controversy to the plaintiff in the court below by warranty deed. The plaintiff claims title under the deed from Hall to Mrs. Brown, and mesne conveyances from Hall's grantee to herself. Hall is seeking to restrict the quantity of land conveyed by these several conveyances, by reforming his own and subsequent deeds so as to exclude therefrom the land in controversy. He can not defeat the plaintiff's title by showing that it embraces land not intended to be conveyed, unless the deed under which she claims is also reformed. As this deed was made by Lott, he is a necessary party to a proceeding to reform it.

Lott being a necessary party for the relief prayed against him and the plaintiff in the court below, the next proposition is, can he be made, by amendment, a coplaintiff in error to the bill of exceptions? The general rule is that any party on the same side of the case may be added by amendment to the bill of exceptions as a coplaintiff in error. The test to be applied in determining whether one sought to be introduced by amendment could have been joined with the excepting party as a plaintiff in error is, were they on the same side of the controversy in the trial court? *Western U. Tel. Co.* v. *Griffith,* 111 *Ga.* 551. Where several defendants are sued, and there are no cross-pleadings so as to make any of them plaintiffs claiming affirmative relief, the presumption is that their interest is as they are aligned in the record. *Baker*

v. *Thompson,* 78 *Ga.* 742. But where the record shows that the excepting defendant filed an equitable amendment seeking affirmative relief, in aid of his plea, and caused a new party to be introduced into the case, against whom he prayed equitable relief essential to his defense to the main case, the added party, relatively to the matter which brought him into the case, is not on the same side as the original defendant. His interest is antagonistic to the defendant, and he triumphs in the litigation when the verdict is returned against the defendant. The verdict in favor of the plaintiff is also a finding in his behalf, and he is interested in holding it. If the defendant prosecutes a writ of error to vacate the verdict, he should be made a party defendant and be served with a copy of the bill of exceptions. A case of this kind is very much unlike that of *McNulty* v. *Pruden,* 62 *Ga.* 135. It does not appear in that case that there were any adversary pleadings between the defendants. The conditions in the present case are more analogous to those in the money-rule cases, where several parties claim a fund, and it is awarded to some; the unsuccessful claimants who prosecute a writ of error must make the other claimants of the fund parties defendant, and serve them with a copy of the bill of exceptions. *Craig* v. *Webb,* 70 *Ga.* 188; *Knox* v. *McCalla,* 70 *Ga.* 725. The law in its liberality allows a defendant to amend his pleadings and to add a party in a proper case, so that all the rights of the parties may be determined in one proceeding. But when the only relief prayed against the added party is by the defendant who brings him into the case, he is not aligned in interest with the defendant, although the formal order of the court may declare him a party defendant. We think that George W. Lott was a necessary party defendant in error; that he was not identified in interest with the plaintiff in error, so as to be joined with him by amendment as a coplaintiff in the bill of exceptions, and the writ of error is

*Dismissed. All the Justices concur, except Holden, J., who did not preside.*