### DAVIS *et al. v.* WALTERS *et al.*

Where upon an interlocutory hearing the judge refused an ad interim injunction, and the plaintiffs excepted, a party defendant to the pleadings in the trial court, who will really be affected by the judgment to be rendered in this court, is to be regarded as an indispensable party; and where there is a failure to serve the bill of exceptions upon such party defendant, and service is not acknowledged by him, or for him by another duly authorized, with consent that he be made a party by amendment in the Supreme Court and that the case proceed, as provided under the Civil Code, § 6160, par. 3, the writ of error will be dismissed.

July 15, 1913.

Petition for injunction; from Lee. Motion to dismiss.

*R. J. Bacon* and *R. H. Ferrell,* for plaintiffs.

*Ware G. Martin,* for defendants.

ATKINSON, J. Malinda Davis and several other persons instituted an action against Monroe Walters and others, including Cora Duncan. The petition as amended alleged, that, as legatees and heirs of legatees under the will of Jack Walters, the plaintiffs were the owners of separate tracts of land of 8¼ acres each, set apart

to them under a partition of the east half of land lot 166 in a designated district, bequeathed by the decedent, in which partition certain lots were also set apart to the defendants, and that all of the parties took possession of their respective tracts and acquiesced in the partition for about eighteen years. It was further alleged: "Monroe Walters is now attempting to wrest the possession of the tracts of your petitioners from your petitioners, and to throw cloud upon the title of the tracts of your petitioners, and is attempting to gain the occupancy and possession of the entire east half of said lot, under conspiracy with the other of said defendants, who are assisting him in said endeavor; and said defendants are guilty of repeated acts of trespass on the lands of your petitioners,— and now threaten to further trespass thereon. . . The title of all your petitioners to their respective tracts in severalty rests upon the validity of said partition, and your petitioners have common cause in sustaining said petition and in fighting and resisting the said occupancy of the said defendants as aforesaid, and now bring this suit in order to avoid a multiplicity of suits." Process was prayed against "said defendants." Other prayers were, "that the cloud from title may be removed from the several tracts of your petitioners, and that said partition may be decreed to be obligatory and binding, and that the possession and boundaries as shown by said plot may be recognized and sustained by judgment and decree of this honorable court; . . that defendants and each of them be enjoined from any acts of trespass;" and that "all the parties to this petition may be required to settle all other differences in regard to the said partition of said Jack Walters's estate in this litigation, and be enjoined from all litigation in other courts." All of the persons named as defendants were served, except one. Relatively to him there was a return of non est inventus. All of those served filed demurrers and answers, except Cora Duncan, who did not appear by counsel or otherwise. On the interlocutory hearing the judge refused to grant an ad interim injunction, on the grounds: (1) that the petition was multifarious; and (2) that under the allegations of the petition and evidence the court was not authorized to issue the injunction prayed for. The plaintiffs sued out a bill of exceptions, assigning error on this judgment. There was an acknowledgment of service upon the bill of exceptions by counsel of record for designated defendants, constituting all of

those who were served and appeared in defense. There was no service of the bill of exceptions upon Cora Duncan, or acknowledgment of service by her, personally or otherwise. In the Supreme Court there was a motion to dismiss the bill of exceptions, on several grounds, one of them being that "all persons who are essential parties defendant in error are not such parties to this bill of exceptions." Cora Duncan was one of the defendants designated in the petition against all of whom injunction was prayed, based on the same state of facts as to all; and having been served, she was a party to the action, and any judgment rendered by the court on the hearing for injunction would affect her to the same extent as it would any of the other defendants. The judgment was in her favor, and as a result she was not enjoined as prayed, nor rendered liable to the payment of costs. As a formal party to the action she was interested, therefore, in sustaining the judgment which was rendered by the court. Under these circumstances she was a necessary party defendant in the bill of exceptions. *Western Union Tel. Co.* v. *Griffith,* 111 *Ga.* 551 (36 S. E. 859). Cora Duncan was not served with the bill of exceptions, nor did she acknowledge service, either personally or otherwise. Consequently, she is not to be treated as a party defendant in error. Civil Code, §§ 6161, 6176. Nor by her consent was she made a party defendant by amendment to the bill of exceptions, under the provisions of Civil Code, § 6160, par. 3. It follows that the motion to dismiss the writ of error must be sustained. *U. S. Leather Co.* v. *First National Bank,* 107 *Ga.* 263 (33 S. E. 31).

*Writ of error dismissed. All the Justices concur.*