# CASES

### DECIDED IN THE

# SUPREME COURT OF GEORGIA

#### AT THE

## MARCH TERM, 1916.

---

### PARRISH v. ADAMS, executor.

Where upon an interlocutory hearing the judge refused an ad interim injunction, and the plaintiff excepted, a party defendant to the pleadings in the trial court, who will really be affected by the judgment to be rendered in the Supreme Court, is to be regarded as an indispensable party; and where there is a failure to serve the bill of exceptions upon such party defendant, and service is not acknowledged by him, or for him by another duly authorized, with consent that he be made a party by amendment in the Supreme Court, and that the case proceed, as provided under the Civil Code, § 6160, par. 3, the writ of error will be dismissed.

MARCH 14, 1916. REHEARING DENIED APRIL 15, 1916.

Petition for injunction; from Bibb. Motion to dismiss.

James E. Laidler was the owner of certain promissory notes made by Mrs. Annie L. Subers, in which he was named as payee. He was also the grantee in a deed conveying described land in a city, on which there was a dwelling; the deed having been executed for the purpose of securing the notes. One of the notes was for a named sum as principal, with interest from maturity. The others were for the interest on the first note from its date to maturity, and were to bear interest themselves after maturity. The first note contained a clause binding the maker to pay 10 per cent. of the amount of the debt, for attorney's fees, should the note be placed in the hands of an attorney for collection. After three of the interest notes fell due, and while two of them remained unpaid, Laidler initiated and conducted negotiations between Mrs. Subers and Mrs. Julia A. Parrish, which resulted in an agreement be-

tween the latter two, whereby Mrs. Parrish should purchase the land from Mrs. Subers at a price greater than the debt evidenced by the notes. The terms of payment were that Mrs. Parrish should assume the debt from Mrs. Subers to Laidler, and pay the balance of the purchase-price to Mrs. Subers. Mrs. Parrish received a bond for title and possession thereunder, and subsequently a warranty deed from Mrs. Subers. The deed recited full payment of the consideration, and purported to be in compliance with the bond for title. At the time the deed was executed Laidler was at the home of Mrs. Parrish, confined with what proved to be his last illness. He incurred an indebtedness to Mrs. Parrish for board, nursing, and the like, amounting to $2270.70, which was due when he died, and for which an account was afterwards made out. There were no other debts, and the estate was amply solvent. Laidler left a will, and, among others, there was a special legacy of $2000 to Mrs. Parrish. Six months after the death of the testator C. B. Adams, as executor of the will, instituted suit in the city court against Mrs. Subers, as maker of the notes, to recover the full amount due according to the principal note and interest notes Nos. 2 to 5, inclusive, and attorney's fees on the basis of 10 per cent. of the debt declared on. Mrs. Subers did not defend; but at her instance the attorney for the executor caused to be served upon Mrs. Parrish a notice of the pendency of the action, which also purported to vouch her, as the person ultimately liable for the debt, to make such defense as she could. After service of the notice, Mrs. Parrish instituted an equitable action against the executor and Mrs. Subers, to enjoin the suit in the city court and require the executor to credit the notes sued upon, as of the date of the death of the testator, with the amount of the account against the testator, and also with the amount of the legacy left to her by the terms of the will. The equitable relief was sought on the ground that if Mrs. Parrish paid to the executor so much of the debt as would equal the account due her by the estate, and so much as would equal the amount of the legacy due her, it would be merely to have it paid back by the executor, which would operate as a hardship upon her without any necessity therefor, or any advantage to the estate; and upon the further ground that to allow the case to proceed for the full amount of the debt due to the estate according to the face of the notes, and the recovery of

the attorney's fees upon the basis of the percentage of the entire debt and the subjection of the land to the payment of such fees, would, relatively to Mrs. Parrish, be inequitable, when considering the fact that the credits contended for, if allowed, would greatly reduce the amount of the debt and the attorney's fees correspondingly. The judge refused an interlocutory injunction, and Mrs. Parrish excepted.

*Robert L. Berner*, for plaintiff.

*Hardeman,. Jones, Park & Johnston*, for defendant.

ATKINSON, J. Mrs. Subers was not made a party defendant in error, nor was there any service of the bill of exceptions upon her; nor was service acknowledged by her or for her by another duly authorized, with consent that she be made a party by amendment in the Supreme Court, and that the case proceed, as provided under the Civil Code, § 6160, par. 3. A motion was made to dismiss the bill of exceptions, on the ground that Mrs. Subers would be affected by the judgment to be rendered in the case, and was not made a party defendant in error or served with the bill of exceptions. If Mrs. Subers was affected and would be interested in sustaining the judgment which refused the injunction, she would be a necessary party to the bill of exceptions. *Western Union Tel. Co.* v. *Griffith,* 111 *Ga.* 551 (36 S. E. 859); *Davis* v. *Walters,* 140 *Ga.* 229 (78 S. E. 838). In one of the amendments to the petition filed by the plaintiff in the equity suit, Mrs. Subers was made a party defendant to that action and served as such. The notes upon which the suit was based were secured by the deed by which the land was conveyed to Laidler. Although under the contract between Mrs. Subers and Mrs. Parrish the latter undertook to pay off the notes, Mrs. Subers continued to be bound to Laidler on the notes for the amount thereof. The notes were due, and Mrs. Subers was entitled to have them paid by Mrs. Parrish. Any delay in the payment would result necessarily in the accumulation of interest and the continuation of the hazard of deterioration in the value of the property and destruction of the buildings, and the possible failure of Mrs. Parrish to ultimately pay off the debt. It was, therefore, to the interest of Mrs. Subers that the amount of the debt should be collected out of the property without delay. In order to collect the debt out of the property it was necessary to sue Mrs. Subers, the maker of the note, to judgment, and thereafter

for the executor to make a quitclaim deed reconveying the land to her, and to record the deed for the purpose of levying the execution against her on the property. The property could then be levied upon and brought to sale, and the proceeds be applied, so far as necessary, to the payment of the debt. It was to the interest, therefore, of Mrs. Subers that the suit proceed against her in the city court, which means also that she was interested in sustaining the judgment which refused the injunction. Under this view Mrs. Subers was a necessary party defendant in error; and the bill of exceptions must therefore be

*Dismissed. All the Justices concur, except Beck, J., dissenting.*

LUMPKIN, J., concurring specially. The general rule requires service of the bill of exceptions on "the opposite party or his attorney." Civil Code (1910), § 6160. "When the record shows clearly who were the parties to the litigation in the court below, and the bill of exceptions shows that all who were interested in sustaining the judgment of the court below have been served, the writ of error shall not be dismissed because the bill of exceptions . . discloses that some party not interested in sustaining the judgment of the court below has not been served." Civil Code (1910), § 6176. The plaintiff filed her petition against C. B. Adams as executor of James E. Laidler. The defendant demurred on the ground, among others, that Mrs. Subers was a necessary party defendant. The plaintiff made her a party, presumably a defendant. Thus she ranked Mrs. Subers as an opposite party. While I am not prepared to say that the interest of this party was necessarily adverse to the grant of an injunction, it may have been so, and it can not be declared from the record or bill of exceptions that she was not a party interested in sustaining the judgment, so as to render service on her unnecessary. I am authorized to state that Chief Justice Fish concurs in this view.

BECK, J., dissenting. Being of the opinion that, under the facts appearing in the record, the only party interested in sustaining the judgment was made a party defendant to the bill of exceptions, I dissent from the judgment dismissing the writ of error.