8389.   WARE *v.* WARE & HARPER.

GEORGE, J.   1. Service of a bill of exceptions upon counsel of record in the case binds all parties represented in the trial court by the counsel served. Acts of 1911, p. 149; § 6164 Park's Ann. Code. *Redman* v. *Hitchins,* 113 *Ga.* 380 (38 S. E. 819). The assignments of error in the bill of exceptions in this case are sufficient.

2. The defendant admitted the execution of the contract which is the basis of this suit, and filed a plea of fraud in its procurement. The defendant could read and write, and there was no trick, artifice, or fraud practiced upon him which prevented him from reading the contract. The relation between the parties was that of landowner and

real-estate agent employed for the purpose of negotiating a sale of the land. In respect to the services to be rendered by the real-estate agent, a relation of confidence existed between the owner and the agent. In respect to the compensation to be paid to the agent by the owner, the parties dealt at arm's length. There is nothing in the evidence to take this case out of the general rule that parol evidence will not be received to add to, vary, or dispute the plain and unambiguous terms of a written contract.

3. Under the undisputed evidence the plaintiffs were entitled to a verdict against the defendant, and the amount was peculiarly a question for the jury. The court did not err in overruling the motion for a new trial.

Judgment affirmed. Wade, C. J., and Luke, J., concur.

DECIDED JUNE 14, 1917.

Action on contract; from Talbot superior court—Judge Munro. December 23, 1916.

A. P. Persons, J. H. McGehee, for plaintiff in error.
Moore & Pomeroy, Perryman & Perryman, contra.