# CONSOLIDATED NAVAL STORES COMPANY *v.* McPHATTER & GASKINS *et al.*

Service of a bill of exceptions being essential to give the court jurisdiction of the case, and service before the bill of exceptions is certified by the judge being in law no service, a writ of error upon which there appears no other service than that effected before the bill of exceptions was certified will be dismissed.

No. 617. APRIL 11, 1918.

Writ of error; from Clinch. Motion to dismiss.

The judge's certificate to the bill of exceptions in this case bears date March 28, 1917. The defendants in error were served on March 27, 1917. They moved to dismiss the writ of error on the ground, among others, that they were served before the certification by the judge, and that this was no such service as the law requires. The plaintiff in error offered proof, by way of affidavit, that the judge's certificate was erroneously dated, that it should have been dated March 27, 1917, and that the defendants in error were served subsequently to the certification and on the same day.

*Travis & Travis,* for plaintiff in error.

*Hendricks, Mills & Hendricks,* contra.

GILBERT, J. (After stating the foregoing facts.) It has been held: "Where the judge of the superior court signed a bill of exceptions as of a certain date after the rendition of the judgment to which exception was taken, there is no provision of law for

counsel to suggest that such certificate did not speak the truth in this respect." *Cordray* v. *Savannah Union Station Co.,* 134 *Ga.* 865 (68 S. E. 697) ; *Grant* v. *Southern Bell Tel. &c Co.,* 145 *Ga.* 298 (2) (89 S. E. 364). In the cited cases it was held that the trial judge is powerless to make any additional certificate, even for the purpose of determining whether the bill of exceptions was tendered within the time required by law, the signing of the first certificate having exhausted his power. In *Jones* v. *State,* 127 *Ga.* 281 (56 S. E. 453), the court said: "The motion of the plaintiff in error is to amend the certificate of the judge by substituting a different date. A bill of exceptions cannot be amended except as provided by law. Sections 5570 and 5573 of the Civil Code, providing for the amendment of bills of exceptions, are confined to such imperfections or omissions of necessary and proper allegations as can be cured or supplied from the transcript of the record. *Winn* v. *State,* 124 *Ga.* 811 [53 S. E. 318]. They do not authorize an amendment changing the date of the certificate to the bill of exceptions. *Perry* v. *Higgs,* 6 *Ga.* 43." This rule may possibly operate harshly in the present case; but the rule is not a new one, and is founded upon logic and reason, a variance from which would be attended by manifold evils. If the judge who tried the case cannot correct the record in this respect, certainly it would not be permissible to correct it on the basis of any other authority. The affidavit of service made by counsel for the plaintiff in error, and entered on the bill of exceptions for the purpose of showing that service on the defendants was made after the certificate was signed by the judge, cannot have the effect of showing that the true date of the certificate was March 27. To allow this would be to accomplish by indirection a change in the date of the judge's certificate, which cannot be done directly, as already stated. It was held in *Seliger* v. *Coker,* 105 *Ga.* 512 (31 S. E. 185) : "Service of a bill of exceptions, or a waiver thereof, being essential to give this court jurisdiction of the case, and service before the bill of exceptions is certified by the judge being in law no service, a writ of error upon which appears no other service than one purporting to have taken place before the bill of exceptions was certified will be dismissed." See also *Whitley Grocery Co.* v. *Walker,* 111 *Ga.* 846 (36 S. E. 426). The case of *Clegg Lumber Co.* v. *A. & B. Ry. Co.,* 123 *Ga.* 603 (51 S. E. 575),

is not in conflict with the ruling above announced. In that case the judge's certificate bore a date prior to the date on which the judgment complained of was rendered. The bill of exceptions recited that it was presented to the judge within thirty days from the rendition of the judgment complained of. The court held that from this recital in the judge's certificate it was apparent that the date of the certificate could not have been correct. There the question was as to whether the bill of exceptions had been presented to the judge within the proper time. Here the question relates to service, as to whether proof can be made aliunde to show that the date appearing in the judge's certificate is not the true date on which it was signed.

*Writ of error dismissed. All the Justices concur except Fish, C. J., absent, and George, J., dissenting.*