## TEASLEY, receiver v. CORDELL.

1. " No motion to dismiss a writ of error will be considered unless notice of such motion and of the grounds thereof, in writing, be given to counsel for plaintiff in error twenty-four hours before the case is called for argument. . . If the court has no jurisdiction, it will dismiss the writ whenever and however this may appear."

2. But where, on the call of a case for argument in the Supreme Court, a motion is made to dismiss the bill of exceptions on the ground that one of the parties defendant in the litigation in the court below, and who is directly interested in having the judgment excepted to sustained by this court, is not named as a party defendant in the bill of exceptions, and has not been served with a copy of the same, and has not acknowledged service thereof as required by law, and is a necessary party to the bill of exceptions; and where an inspection of the bill of exceptions and the record shows that the allegations in the motion to dismiss the bill of exceptions are true, the Supreme Court is without jurisdiction of such case. and the bill of exceptions must be dismissed.

No. 2739. MAY 13, 1922.

Equitable petition; intervention. Before Judge Hodges. Elbert superior court. June 10, 1921.

*George C. Grogan,* for plaintiff in error. *Tutt & Brown,* contra.

HILL, J. W. R. Rice brought an equitable petition against the firm of Cordell & Rice, alleging that the firm was composed of himself (W. R. Rice) and I. H. Cordell, and that they were insolvent. He prayed the appointment of a receiver to take charge of the assets of the partnership and the property belonging to the individual members of the firm, and to reduce the same to cash and pay off the debts owing by the partnership. W. A. Teasley was appointed receiver by the court, for the firm of Cordell & Rice, and by order of the court the receiver converted the assets of the firm, and of the individual members composing the firm, into cash for the purpose of paying the partnership debts. W. R. Rice, the plaintiff in the equitable petition, obtained a judgment against I. H. Cordell as principal, and B. R. Cordell as security, at the May term, 1916, of the city court of Elberton. Subsequently thereto, on October 12, 1916, B. R. Cordell paid off the execution and had it transferred to himself in order that he might control it as against his principal, I. H. Cordell. On March 15, 1918, B. R. Cordell filed an intervention to the above-stated suit, in which he alleged that I. H. Cordell was indebted to him in the sum of

$533.56, besides interest, upon the judgment which had been transferred to him, and he prayed an order of the court that the fi. fa. might be paid. On June 10, 1921, the court did order the receiver to pay the transferred fi. fa. to B. R. Cordell. To this judgment of the court the receiver sued out the present bill of exceptions, in which he named only B. R. Cordell, the intervenor, as defendant in error. The record discloses that the equitable petition filed by W. R. Rice against Cordell & Rice and I. H. Cordell was served upon the defendant, I. H. Cordell. The latter, however, did not file an answer to the petition. On the call of the case in this court for argument a motion was filed by the defendant in error, B. R. Cordell, praying the court to dismiss the bill of exceptions, upon two grounds: (1) Because it appears from the record that I. H. Cordell, who was a party defendant in the litigation in the court below, and who is directly interested in having the judgment excepted to sustained by this court, is not a party defendant to the bill of exceptions, and that he has not been served with a copy of the bill of exceptions, and has not acknowledged service thereof as required by law. (2) Because I. H. Cordell is a necessary and indispensable party defendant to the bill of exceptions.

The Civil Code (1910), § 6176 provides that " When the record shows clearly who were the parties to the litigation in the court below, and the bill of exceptions shows that all who were interested in sustaining the judgment of the court below have been served, the writ of error shall not be dismissed because the bill of exceptions sets forth the parties differently from the record, or discloses that some party not interested in sustaining the judgment of the court below has not been served." The record shows clearly who were the parties to the litigation in the court below, and that I. H. Cordell was one of those parties. From the record and bill of exceptions it also appears that I. H. Cordell has an interest in sustaining the judgment of the court below. It further appears that he was neither made a party to the bill of exceptions nor was he served with a copy thereof, and he did not waive service. As to whether I. H. Cordell is interested in sustaining the judgment of the court below, we think there can be no question. The judgment and execution with which the court dealt was against I. H. Cordell as principal, and B. R. Cordell, the intervenor, as security;

and in case this execution is not paid from the individual assets of I. H. Cordell in the hands of the receiver, he will be liable to B. R. Cordell, and therefore he is interested in sustaining the judgment of the court below in having the execution paid out of the assets in the hands of the receiver. Should the judgment of the court below be sustained, the execution will be paid in full, and I. H. Cordell will be relieved of further liability on the judgment and execution. On the other hand, if the judgment of the court below should be reversed, I. H. Cordell is still liable to have any property he owns, or may own, subjected to the payment of the judgment now owned and controlled by his security, B. R. Cordell. In the case of *Craig* v. *Webb*, 70 *Ga.* 188 it was held: "Where there are various claimants of the fund under a money rule, and some of them except to the judgment, all of the claimants interested in sustaining the judgment of the court below must be made parties defendant to the bill of exceptions; and this can only be done by serving them or obtaining acknowledgments of service." And see *Quitman Oil Co.* v. *Peacock*, 14 *Ga. App.* 550 (81 S. E. 908). In the case of *Latch* v. *Latch*, 147 *Ga.* 432 (94 S. E. 556), it was stated and held as follows: "A suit for injunction and damages on account of an alleged trespass by cutting timber was filed against four named persons. Service was effected personally on three of them, and on the other by leaving a copy of the process with his alleged agent. Only one of the defendants (Mrs. Ollie Latch) filed an answer, no appearance being made by the other three. The case proceeded to trial with Mrs. Latch as the only contesting defendant, and resulted in a verdict in her favor. The plaintiffs made a motion for a new trial, and, upon its being overruled, sued out a writ of error to this court, naming the defendants in the bill of exceptions as Mrs. Ollie Latch et al.; and service thereof was made only on counsel for Mrs. Latch. No effort was made in this court to have the remaining defendants made parties defendant in error. *Held*, that the parties on whom service of the suit in the lower court was perfected were interested in sustaining the verdict, and are indispensable parties to the bill of exceptions. *Davis* v. *Walters*, 140 *Ga.* 229 (78 S. E. 838). This ruling necessitates the dismissal of both bills of exceptions." It will be observed in the *Latch* case that only one of the defendants, Mrs. Latch, filed an answer, and that there was no appear-

ance as to the other three defendants. And see *Douglas* v. *Brooke,* 152 *Ga.* 373 (110 S..E. 16).

But it is argued by the respondent in the motion to dismiss the writ of error, that the motion can not be entertained, for the reason that the motion to dismiss was not served upon him in accordance with the provisions of rule 31 of the Supreme Court (Civil Code (1910), § 6250), which provides: " No motion to dismiss a writ of error will be considered unless notice of such motion and of the grounds thereof, in writing, be given to counsel for plaintiff in error twenty-four hours before the case is called for argument. . . If the court has no jurisdiction, it will dismiss the writ whenever and however this may appear." Counsel for respondent cites the case of *Worth County* v. *Crisp County,* 139 *Ga.* 117 (6) (76 S. E. 747), where it was held: " It appearing from an examination of the record that the court has jurisdiction of the case, a motion to dismiss the bill of exceptions, which is not served in accordance with the provisions of rule 31 of the Supreme Court (Civil Code, § 6250), will not be entertained." We are of the opinion that the above case is not in point, for the reason, as pointed out in this opinion, that I. H. Cordell is a necessary party to the bill of exceptions; and where a necessary party is not made such in the bill of exceptions, this court is without jurisdiction to entertain the bill of exceptions, and will dismiss the writ of error of its own motion. *Woolard* v. *Corcoran,* 148 *Ga.* 299 (96 S. E. 564) ; *Lott* v. *Waycross,* 152 *Ga.* 237 (110 S. E. 217), and cases cited. The case of *McGregor* v. *Third National Bank,* 124 *Ga.* 557 (53 S. E. 93), cited by respondent, is not in point, because no question was raised in that case that necessary parties were not made parties to the bill of exceptions.

We conclude from the foregoing that I. H. Cordell was a necessary party to the bill of exceptions; and he not having been made a party and not having been served, the writ of error must be, and is, dismissed.

> *Writ of error dismissed. All the Justices concur.*