*Shelby Myrick,* for defendant.

---

## EDWARDS *et al. v.* WALL *et al.*

1. All persons who are interested in sustaining or reversing the judgment of the court below are indispensable parties in the Supreme Court and Court of Appeals; and they must be made parties to the bill of exceptions.

2. Where a suit is brought against two defendants, which is defended by only one of them, and a nonsuit is granted on the motion of the one who defends the suit, and the case is dismissed as to all the defendants, all the defendants are necessary and indispensable parties to the bill of exceptions sued out by the plaintiffs in such case to reverse the judgment of nonsuit.

3. An acknowledgment of service on a bill of exceptions by counsel as "attorneys for defendants in error" is sufficient to bind all the defendants in error named or designated in the bill of exceptions, although the record discloses that such attorneys appeared in the court below only as attorneys for one of the partners who filed a defense, where it does not appear, otherwise than from such record and the unsworn motions of the defendants, whether such attorneys were or were not authorized to sign such acknowledgment for both defendants.

4. In this State no warrant of attorney is required by its laws, or the practice of its courts, to entitle an attorney to appear for a party litigant either in the trial or appellate court; and the strong presumption arises from his appearance that he is authorized to appear and to act for the client whom he assumes to represent, he being an officer of the court, being guilty of contempt of court and subject to a fine if he appears for a person without being employed, and being liable in damages for any loss or injury sustained by a person who gave him no authority to represent him.

5. An acknowledgment of service on a bill of exceptions by attorneys re-

lates only to the persons who are actually named, or otherwise sufficiently designated therein as defendants in error, when the acknowledgment was entered; and now, since the act of 1911, to those also whom he represented in the trial court.

6. Where an attorney acknowledges service on a bill of exceptions for a party without being employed by the latter, the appellate court is without jurisdiction to try the issue whether such acknowledgment was authorized or not; and the right of the party so aggrieved would be an action in damages against the attorney for any loss or injury sustained by him by reason of such unauthorized appearance, or by a petition in equity in the superior court to set aside any judgment against him in the higher court in consequence of such unauthorized acknowledgment of service.

7. The provision in section 5343 of the Civil Code which declares that attorneys, after having been served with written demand to pay over money collected by them for their clients, and by them withheld from their clients, shall be compelled to pay at the rate of twenty per cent. per annum on the sum thus withheld by them after such demand, applies as well to actions at law by clients to collect such moneys as when such attorneys are ruled therefor.

No. 2968.   JULY 12, 1922.

The Court of Appeals requested instructions from the Supreme Court upon the following questions involved in Case No. 12491:

1. " Where a suit is filed against a partnership composed of two named members, only one of whom enters a defense, and on his motion a nonsuit is granted, and exceptions to the granting of the nonsuit are taken to this court, is it necessary for the plaintiffs to name as a party defendant to the writ of error the partner who did not defend?

2. " If the answer to the preceding question be in the negative, but the partner who did not himself contest the suit is nevertheless named as a party defendant to the writ of error, does he for that reason become one to such an extent as will necessitate service upon him as such?

3. " If the answer to either the first or the second question be in the affirmative, would an acknowledgment of service on the bill of exceptions, signed by counsel as ' attorneys for defendants in error,' be taken as sufficient to bind both parties defendant, where the record discloses that such attorneys appeared in the court below only as attorneys for the partner who filed a defense, and where it does not appear, otherwise than from such record and the unsworn motions of the two defendants to dismiss the writ of error, whether such attorneys were or were not authorized to sign such acknowledgment for both of the defendants?

4. " In the event that the bill of exceptions is not subject to dismissal for the reason indicated, and in the event that the different issues in the suit relating to the fact of partnership and to the alleged collection made by defendants should be determined by the jury in favor of the plaintiffs, does the provision contained in section 5343 of the Civil Code (1910), providing that attorneys, after having been served with written demand to pay over moneys collected and held by them, shall be compelled to pay at the rate of twenty per cent. per annum upon the sum thus held by them after such demand, have reference only to proceedings under a rule taken against such attorneys; or is such provision for the payment of such twenty per cent. applicable in a suit at law for the recovery of such alleged collection? "

*A. J. & J. C. McDonald,* for plaintiffs in error.

*H. J. Quincey, Jesse Grantham,* and *D. E. Griffin,* contra.

HINES, J. 1. All persons who are interested in sustaining or reversing the judgment of the court below are indispensable parties in the Supreme Court or the Court of Appeals; and they must be made parties to the bill of exceptions. Where a suit is brought against several defendants, which is defended by only one of them, and a nonsuit is granted on the motion of the one who defends the suit, and the case is dismissed as to all of the defendants, all of the defendants are necessary and indispensable parties to a bill of exceptions sued out by the plaintiffs in such case to reverse the judgment of nonsuit. Civil Code, § 6176; *Western Union Tel. Co. v. Griffith,* 111 *Ga.* 551 (36 S. E. 859) ; *Hall* v. *Davis,* 129 *Ga.* 498 (59 S. E. 241) ; *Davis* v. *Walters,* 140 *Ga.* 229 (78 S. E. 838) ; *Parrish* v. *Adams,* 145 *Ga.* 1 (88 S. E. 417) ; *Teasley* v. *Cordell,* ante, 397 (112 S. E. 287) ; *Swafford* v. *Shirley,* 7 *Ga. App.* 347 (66 S. E. 1022) ; *Bank of Dalton* v. *Clark,* 19 *Ga. App.* 729 (92 S. E. 40).

In *Epping* v. *Aiken,* 71 *Ga.* 682, it was held that where a bill in equity was brought against a partnership consisting of several members, and where one of them, who was not served, was not a party to the suit, except in so far as the partnership property was concerned, which would be bound by serving either of the other partners, the party not served need not be made a party plaintiff in error, but the case could proceed without him. There the party omitted from the bill of exceptions was not a party to the suit

below.  Besides, he would have been one of the plaintiffs in error, which is a thing quite different from the position of a defendant in error.  In that case the unserved partner was represented by the partnership which brought the case to this court.  In *Bank of Covington* v. *Cannon, 133 Ga. 779* (67 S. E. 83), a partnership composed of A, B, and C was sued.  Service was had on B and C, but there was no return of service as to A.  No plea was filed by B.  C filed a plea setting up the defense that he did not sign the note, that it was not signed by any one by him authorized so to do, that the note was executed after the partnership had been dissolved, and that the plaintiff and payee had notice of the firm's dissolution prior to the execution of the note.  A verdict was rendered in favor of C, and in favor of the plaintiff against the partnership and B individually.  The plaintiff moved for a new trial; and the rule to show cause was served on C, but not on B.  At the hearing of the motion for a new trial C moved to dismiss the motion, because B was not served; which motion was overruled.  In this court a motion was made to dismiss the bill of exceptions, because B was not made a party thereto and served with a copy of the bill of exceptions.  It will be seen that that case differs very widely from the one under consideration.  A judgment was rendered against the partnership sued and against B individually, and a verdict and judgment were rendered in favor of C.  B had no interest whatever in sustaining the judgment in favor of C.  He was bound by the judgment against the partnership and himself individually, from which neither he nor his partnership appealed.  So he was bound hard and fast by that judgment; and would not be relieved therefrom by the outcome of the controversy between the bank and C.  If C lost, B would still be bound by the judgment against his firm and himself.  If C sustained the verdict and judgment in his favor, B would still be bound by the judgment against his firm and against himself individually.

In the case at bar the member of the partnership, making no defense, got the benefit of the defense made by the partner who did defend.  He reaped where he did not sow, but is vitally interested in keeping the harvest which he reaped without sowing.  The judgment below was in his favor as well as in favor of the member of the firm who filed the defense and fought the case.

This member, though filing no defense and making no fight in the court below, was vitally interested in sustaining the grant of the nonsuit in the court below, and was a necessary and indispensable party as a defendant in error in the bill of exceptions brought to the Court of Appeals. So we answer the first question propounded by the Court of Appeals in the affirmative.

2. The answer to the first question being in the affirmative, it is unnecessary to answer the second question propounded by the Court of Appeals.

3. Will an acknowledgment of service on the bill of exceptions, signed by counsel as "attorneys for defendants in error," be sufficient to bind both parties defendant, where the record discloses that such attorneys appeared in the court below only as attorneys for the partner who filed a defense, and where it does not appear, otherwise than from such record and the unsworn motions of the two defendants to dismiss the writ of error, whether such attorneys were or were not authorized to sign such acknowledgment for both the defendants? In this State no warrant of attorney is required by its laws or the practice of its courts to entitle an attorney at law to appear for a party litigant, either in the trial or appellate courts; and the strong presumption arises from his appearance that he was authorized to appear and to act for the client whom he assumed to represent. *Dobbins* v. *Dupree,* 36 *Ga.* 108; *Alexander* v. *State,* 56 *Ga.* 478 (3); *Davant* v. *Carlton,* 57 *Ga.* 489; *Davis* v. *Davis,* 96 *Ga.* 136 (5) (21 S. E. 1002); *Heath* v. *Miller,* 117 *Ga.* 854 (44 S. E. 13); *Bigham* v. *Kistler,* 114 *Ga.* 453 (3) (40 S. E. 303). This strong presumption is indulged because an attorney is a sworn officer of the courts of this State (Civil Code, §§ 4945, 6219); because an attorney appearing for a person without being employed is guilty of contempt of court, and must be fined in a sum not less than five hundred dollars (Civil Code, § 4960); and because of the civil liability in damages against the unauthorized attorney at law for any loss or injury sustained by his representation of a person who gave him no authority. *Dobbins* v. *Dupree,* 36 *Ga.* 108, 116. This presumption is a prima facie, and not a conclusive, presumption; and can be rebutted. *Dobbins* v. *Dupree,* 39 *Ga.* 394; *Anderson* v. *Crawford,* 147 *Ga.* 455 (94 S. E. 574, L. R. A. 1918B, 894).

Where an attorney acknowledges service on a bill of exceptions

for a party, without being employed by the latter, the appellate court is without jurisdiction to try the issue whether such acknowledgment was authorized or not. *Ga., Fla. & Ala. Ry. Co.* v. *Lasseter,* 122 *Ga.* 679 (51 S. E. 15). The right of the party so aggrieved would be an action in damages against the attorney for any loss or injury sustained by him by reason of such unauthorized appearance, or by a petition in equity in the superior court to set aside any judgment obtained against him in the higher court in consequence of such unauthorized acknowledgment of service. *Wade* v. *Watson,* 133 *Ga.* 608 (66 S. E. 922).

The presumption arising from such an acknowledgment of service, that is, where the attorney signs as "attorney for defendants in error," and where he did not represent them in the trial court, that the attorney represents all of the defendants in error, is applicable only to the persons named, or sufficiently designated, as defendants in error in the bill of exceptions.

An acknowledgment of service on a bill of exceptions by attorneys relates only to the persons who are actually named, or otherwise sufficiently designated therein, as defendants in error, when the acknowledgment was entered (*Orr* v. *Webb,* 112 *Ga.* 806 (3), 38 S. E. 98) ; and now, since the act of 1911, to those also whom he represented in the trial court.

What is the effect on this presumption of the fact, that one of the defendants in error made no defense in the court below, and that the attorneys making such acknowledgment of service appeared of record in the court below only as attorneys for the defendant who filed a defense, it not appearing, otherwise than from such record and the unsworn motions of the two defendants to dismiss the writ of error, whether such attorneys were or were not authorized to sign such acknowledgment for both of the defendants?

Does such fact rebut the presumption of authority of the attorneys to make such acknowledgment? This court has said: " An acknowledgment of service on a bill of exceptions by counsel signing as attorneys for ' respondents,' will be construed as evidence of service on all the respondents, where the record fails to show that any of the respondents were represented by different counsel in the court below." *State* v. *Bridges,* 64 *Ga.* 146. This decision does not hold that such an acknowledgment for all the

defendants in error would not be good for such of them as might have been represented by different counsel in the court below, or for such of them as were not represented at all by counsel in the court below. The fact that the record in that case failed to show that some of the defendants were represented by different counsel in the court below is cited to strengthen the presumption that the attorneys making the acknowledgment of service for the respondents were authorized so to do, and were in fact acting for such parties. Nor is that case authority for the position that such an acknowledgment would not bind a defendant who made no defense in the court below and for whom the attorneys making such acknowledgment did not appear in the court below, for the reason that such point was not raised in that case.

In *Redman* v. *Hitchins,* 113 *Ga.* 380 (38 S. E. 819), relied on by counsel for defendants in error, the acknowledgment of service upon the bill of exceptions was neither signed by the defendant in error nor by any person purporting to act as his attorney at law, such acknowledgment being signed only by " Dempsey & Mills," whose relation to the case did not appear. In *Ware* v. *Ware,* 20 *Ga. App.* 202 (92 S. E. 961), the Court of Appeals held that " Service of a bill of exceptions upon counsel of record in the case binds all parties represented in the trial court by the counsel served." What would be the effect of an acknowledgment of service by counsel for a defendant in error whom they did not represent in the court below, was not made or passed upon by the court in that case.

In *Bank of Dalton* v. *Clark,* supra, the Court of Appeals said: " Where a bill of exceptions ' is served upon counsel of record in the case, such service shall be held to bind all parties whom such counsel represented in the trial court.' Acts 1911, p. 149; Park's Ann. Code, § 6164(a). This provision of the statute contains a negative pregnant that such service will not bind any party whom such counsel did not represent in the trial court." This language of the court seems to favor the contention of counsel for the defendants in error in the case under consideration; but it is to be noted that the court, in that case, considered aliunde evidence in determining whether the attorney who acknowledged service for the defendants in error really represented one of the defendants. In that case the court considered the record, the sworn motion to

dismiss the bill of exceptions, and certain affidavits attached to the motion, from which it appeared that the attorney who acknowledged service represented only four of the defendants in that case, and did not represent one of them. The court tried the issue, upon this evidence, whether the attorney who acknowledged service for the defendants in error was the attorney for one of them. The court did not rest its decision in that case on the acknowledgment of service alone; but undertook to determine from the record and the above aliunde evidence whether the attorney acknowledging service was in fact the attorney for one of the defendants in error. So that case is not authority for the position that such an acknowledgment of service, standing alone, would not be binding upon all the defendants in error. We can not agree with all the language used by the Court of Appeals in the case last cited. The act of August 21, 1911 (Ga. Laws 1911, p. 149), to regulate the practice in the courts of review, is a remedial statute, and is to be liberally construed. In arriving at the proper construction of this act, we are to look to the old law, the mischief, and the remedy. This court had held in a number of cases that no one was a defendant in error in a bill of exceptions unless he was actually named as such or was sufficiently designated therein as a defendant in error; that an acknowledgment of service of a bill of exceptions by an attorney signing " as attorney for defendants in error " did not cover any person who was not so named as a defendant in error, although the attorney making such acknowledgment represented in the court below all parties who should be defendants in error; and that a bill of exceptions could not be so amended as to make one a defendant in error who was not so named or designated in the bill of exceptions as such. Orr v. Webb, supra, and cases cited. The purpose of this act was to correct this evil. With this end in view the act declares: " Where a bill of exceptions which can be identified as excepting to a specific judgment is served upon counsel of record in the case, such service shall be held to bind all parties whom said counsel represented in the trial court." In view of the evil which this act was intended to cure, we do not think that it was the intention of the legislature to enact that where certain persons are named in a bill of exceptions as defendants in error, and service is acknowledged for them by an attorney, the presumption that such attorney was au-

thorized to act for such parties in acknowledging such service would be rebutted and overcome by the mere fact that such counsel did not represent such parties in the trial court. Such a construction of this act and such a holding would ignore the fact that although counsel may not have represented such parties in the trial court, they could be afterwards employed, when the case was about to be brought to the appellate court, for the purpose of representing such clients in the appellate proceeding and in the appellate court.

What raises the presumption of authority for an attorney to represent a client? It is the doing of some act for the client by virtue of his office as an attorney, and which he would not be justified in doing unless he was employed as such an attorney and thus authorized to do such act. It is not his previous relation to the case alone which creates the presumption; but his act for the client in some subsequent step in the case will likewise do so. It was never the intention of the legislature that a party could not act by an attorney, in acknowledging service of a bill of exceptions, unless such attorney represented him in the trial court. " His authority to acknowledge service for all the defendants in error is to be inferred from the fact that he so signed." *Connor* v. *Hodges, 7 Ga. App.* 153 (66 S. E. 546). So we answer the third question in the affirmative.

4. Does the provision in section 5343 of the Civil Code which declares that attorneys, after having been served with written demand to pay over money collected by them for clients and by them withheld from their clients, shall be compelled to pay at the rate of twenty per cent. per annum upon the sum thus withheld by them after such demand, have reference only to proceedings under a rule taken against such attorneys; or is such provision for the payment of such twenty per cent. applicable in a suit at law for the recovery of such alleged collection? There is nothing in this section which so limits this provision. It broadly declares that if any " attorney at law shall fail, upon application, to pay to the proper person, or his attorney, any money they have in their hands, which they may have collected by virtue of their office, the party entitled thereto, or his attorney, may serve said officer with a written demand for the same; and if not then paid, for such neglect or refusal the said officer shall be compelled to pay at the

rate of twenty per cent, per annum upon the sum he has in his hands, from the date of such demand, unless good cause be shown to the contrary." This section does not make the payment of this penalty depend upon the fact of the attorney being summarily proceeded against by rule for money collected by him and withheld from his client. The right of the client to this penalty depends upon the collection by the attorney of money for the client, the failure of the attorney, upon application, to pay to his client such money collected by virtue of his office, the service on such attorney of a written demand therefor, and the fact of failure or refusal of the attorney then to pay over such money to his client. When these conditions exist, this penalty accrues. The section is silent as to the remedy of the client for the collection of his money and the penalty. We can see no good reason why, if the client waives the harsh remedy of a rule, and resorts to the milder but longer remedy of an action at law to recover his money and this penalty, the client would forfeit his right to his twenty per cent. on the money so withheld from him by his lawyer. But this matter is settled by other sections of the Civil Code. "Where attorneys retain in their hands the money of their clients after it has been demanded, they are liable to rule (and otherwise) as sheriffs are, and incur the same penalties and consequences." § 4954. Sheriffs are made "liable to all actions, suits, and disabilities whatever, which they or either of them may or shall incur for or on account of the escape of prisoners, or for or in respect of any other matter or thing whatever relating to or concerning their respective offices." § 5341. They are liable to an action on the case, or an attachment for contempt of court, at the option of the party, by neglecting " to pay over to the plaintiff or his attorney any moneys collected " by them on execution or other legal process for such plaintiff. § 5342. Here a plaintiff can proceed against the sheriff for money collected either by rule or by an action at law. The same remedies are given clients against their attorneys who collect money for them and withhold the same. In answer to the fourth question propounded by the Court of Appeals, we are of opinion that the penalty of twenty per cent., given under section 5343 of the Civil Code, can be collected when a plaintiff proceeds by an action at law to collect money collected by his attorney and by him withheld from his client.                                        *All the Justices concur.*