15233. STANLEY v. RICHARDSON & SON et al.

BELL, J. 1. Where there were five claimants to a fund in the hands of a sheriff, under a money rule, and the judge directed a verdict, upon which judgment was entered, awarding the fund to four of the claimants, to the exclusion of the fifth, each of the four was a necessary party defendant to a bill of exceptions brought by the fifth to review the verdict and judgment. *Craig* v. *Webb*, 70 *Ga.* 188 (1); *Knox* v. *McCalla*, 70 *Ga.* 725; *Hall* v. *Davis*, 129 *Ga.* 498 (59 S. E. 241); Civil Code (1910), § 6176.

2. Service of a bill of exceptions may be made by the sheriff of the county in which the case was tried, and the official entry of such officer will be sufficient evidence of service; but service by any other must be verified by affidavit made in due time. *Head* v. *Bridges*, 72 *Ga.* 30 (1); *Walter* v. *Kierstead*, 74 *Ga.* 18 (1); *Tucker* v. *Mayor &c. of Graysville*, 120 *Ga.* 148 (47 S. E. 523); *Anderson* v. *Humphries*, 140 *Ga.* 368 (1) (78 S. E. 1079); *Elrod* v. *Black*, 148 *Ga.* 194 (96 S. E. 180).

(a) The fourth section of the act organizing the Supreme Court provided for service of a bill of exceptions by a sheriff, constable, or attorney of the superior court, but this section of the act was changed by the law as now contained in the Civil Code (1910), § 6160. *Henderson* v. *Henderson*, 7 *Ga.* 421; *Cloud* v. *State*, 50 *Ga.* 369; *Lyons* v. *Winter*, 129 *Ga.* 416 (3) (59 S. E. 130).

3. All of the successful claimants to the fund in this case were named in the bill of exceptions as defendants in error, but as to one of them, who neither acknowledged nor waived service, the only evidence of service is an unverified entry of a constable. *Held:* The motion of that claimant to dismiss the bill of exceptions for the want of service is well taken and must be sustained.

4. It does not appear that the motion to dismiss the writ of error has been served upon the plaintiff in error, but, there being no service of the bill of exceptions, or waiver thereof, as to the movant, who was an essential party to the bill, and such service or waiver being necessary to give this court jurisdiction of the case, that portion of Rule 23 of this court (Civil Code of 1910, § 6347) which provides that "no motion to dismiss a writ of error will be considered unless notice of such motion and of the grounds thereof, in writing, be given to counsel for plaintiff in error twenty-four hours before the case is called for argument," does not apply, but the case is controlled by the last sentence of the rule, to wit: "If the court has no jurisdiction, it will dismiss the writ whenever and however this may appear." *Seliger* v. *Coker*, 105 *Ga.* 512 (2) (31 S. E. 185); *Whitley Grocery Co.* v. *Walker*, 111 *Ga.* 846 (36 S. E. 426); *Smith* v. *McKnight*, 28 *Ga. App.* 732 (3) (113 S. E. 48); *Teasley* v. *Cordell*, 153 *Ga.* 397 (2) (112 S. E. 287).

5. There being no service upon, or waiver thereof by, one of the successful claimants, who was a necessary party defendant to the bill of exceptions, the sustaining of his motion to dismiss the bill of exceptions upon that ground will operate to dismiss the bill as to all the defendants in error. *Teasley* v. *Cordell*, supra (p. 397); *Douglas* v. *Brooke*, 152 *Ga.* 373 (110 S. E. 16); *Edwards* v. *Wall*, 153 *Ga.* 776 (1) (113 S. E. 190).

6. Furthermore, even if service by the constable had been otherwise suffi-

cient, it was fatally defective for the reason that it recited the service to have been made on October 10, 1923; whereas the bill of exceptions was not certified until December 10, 1923. "Service of a. bill of exceptions being essential to give the court jurisdiction of the case, and service before the bill of exceptions is certified by the judge being in law no service, a writ of error upon which there appears no other service than that effected before the bill of exceptions was certified will be dismissed." *Consolidated Naval Stores Co.* v. *McPhatter,* 147 *Ga.* 797 (95 S. E. 686). The practice act approved August 21, 1911 (Ga. L. 1911, p. 149, § 4), providing that an acknowledgment of service shall be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, whether such signing is done before or after the signing of the writ of error, has no application except in cases where service is acknowledged or waived. Where the plaintiff does not procure such acknowledgment or waiver, but seeks to have service perfected, the rule obtains, as before, that the service of a bill of exceptions before its certification by the judge amounts to no service whatsoever. *Whitley Grocery Co.* v. *Walker,* supra; *Consolidated Naval Store Co.* v. *McPhatter,* supra.

*Writ of error dismissed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 17, 1924. REHEARING DENIED JULY 14, 1924.

Money rule; from Whitfield superior court—Judge Tarver. November 12, 1923.

*J. A. Longley,* for plaintiff.

*W. G. Mann, W. M. Sapp, G. G. Glenn, J. C. Mitchell, J. A. McFarland, F. K. McCutchen,* contra.

### ON MOTION FOR REHEARING.

BELL, J. The plaintiff in error urges in the motion for a rehearing that the service of the bill of exceptions was actually made on December 10th, and that the date of October 10th appearing in the entry of the constable was erroneously inserted by inadvertence. It is alleged further in the motion that the plaintiff in error is prepared to show to the satisfaction of the court that service of the bill of exceptions was made personally and in time by the attorney for the plaintiff in error upon the attorney for the defendant in error.

Even if the alleged error in the date could be corrected, the bill of exceptions should still be dismissed, for the reason that the want of an affidavit to the service by the constable would of itself be fatal, and it is too late now to cure that defect or to supply an affidavit that the service was perfected by the attorney for the plaintiff in error upon the attorney for the defendant in error. *Brantley* v. *McArthur,* 132 *Ga.* 459 (64 S. E. 326).

*Rehearing denied. Jenkins, P. J., and Stephens, J., concur.*