## WHITE *et al.* v. BLECKLEY *et al.*

1. A person who was a party to a judgment to set aside which an equitable petition was brought, and who was interested in sustaining that judgment, was properly made a party defendant to such petition; and where the same was dismissed on demurrer, this person was an essential party to a bill of exceptions sued out to review in the Supreme Court the judgment of dismissal.

2. One who is not named in a bill of exceptions as a party thereto, but who signs thereon an acknowledgment of service as "attorney for defendants in error," does not, by so doing, acknowledge service upon himself as an individual.

3. If a person who is an essential party to a bill of exceptions is not

made a party thereto and duly served, the writ of error will be dismissed.

Argued June 14, 15, — Decided July 23, 1898.

Motion to dismiss writ of error.

*J. J. Strickland, J. B. Jones* and *J. C. Edwards,* for plain-tiffs.    *H. H. Dean* and *W. S. Paris,* for defendants.

LUMPKIN, P. J.    In 1884 H. W. Cannon and F. A. Bleckley brought an action of ejectment against W. D. Young and Caleb Woodall, for the recovery of certain land in Rabun county. In defense to this suit, Young pleaded that he and S. E. White were joint owners of the land.    After three trials in the lower court, each of which resulted in a verdict in favor of the plain-tiffs, the case came to this court for review; and it appearing that the only title relied on by them consisted of two grants which had been issued by virtue of an unconstitutional statute, the judgment of the court below granting a third new trial was affirmed.    92 *Ga.* 164.    Prior to the rendition of this decision, H. W. Cannon had died, and his administrator, J. C. Cannon, had been made a party plaintiff.    Before the case again came on for a hearing in the trial court, it was dismissed at the instance of the plaintiffs.    Shortly thereafter J. C. Cannon and others entered upon the land and took possession thereof.    Thereupon, Young and White brought an equitable petition against Cannon as administrator, James Bleckley, and W. S. Paris, an attorney of record in the ejectment suit.    It was alleged in this petition, that the defendants therein named had "combined and confederated together to defy, set at naught, and evade the judgment of the Supreme Court and of the superior court in said eject-ment case," and " to this end [had] taken forcible possession of" the land in controversy, and were proceeding, through their agents, to cut down the timber thereon; and accordingly, it was prayed that an injunction against each and all of the defendants be granted, "commanding them to desist from any interference with the said lots of land, and enjoining them from cutting timber thereon or from doing any other acts to damage said premises, or from exercising any acts of ownership thereon." Upon the hearing of this petition, the trial judge granted an in-

junction as prayed; but this judgment, on review before this court, was reversed, it being held that: "The plaintiffs having utterly failed either to prove a joint ownership of the premises in controversy or to show that either of them had any interest, legal or equitable, therein, the court erred in granting an injunction restraining the defendants from interfering with or exercising control over the premises." 98 *Ga.* 594. Subsequently, when the case was called in its order in the lower court at the trial term of the plaintiffs' petition, the defendants offered an amendment to their answer, alleging that they were "the owners in fee simple of the property described in plaintiffs' petition," and had "the right to the possession of the same, and that plaintiffs [had] no right to interfere with said possession," though, notwithstanding this fact, they had been " for a number of years illegally interfering with defendants' possession, cutting defendants' timber and wood, and drawing wagons and teams across said property, to the injury and damage of defendants, and against the protest of defendants and to their great annoyance and damage." Affirmative relief was asked, the defendants praying "that plaintiffs be forever restrained and enjoined from in any way or manner annoying defendants, and from interfering with defendants' possession of said property, and from trespassing upon the same and cutting timber or wood and from driving across said property and from in any way disturbing the legally acquired and lawful possession of said property above mentioned." This amendment was duly allowed, and the case proceeded to trial, resulting in a verdict and judgment in favor of the defendants granting to them the affirmative relief for which they prayed.

It appears that at the trial last referred to neither of the plaintiffs to the action was present in court, nor were they represented by counsel. No motion for a new trial was filed; but at a subsequent term of the court the plaintiffs brought an equitable petition, in the nature of a bill of review, praying that the judgment in favor of the defendants " be reviewed, set aside, and declared null and void." Among other things, the plaintiffs alleged: " It was understood by them, through their counsel, that the Supreme Court had held that the" above-mentioned

suit in ejectment brought against them "had been properly dismissed, and that there was nothing further in the injunction case to try and that the same would be dismissed." They therefore filed suits in ejectment against Bleckley and Cannon, for the recovery of the premises in dispute, returnable to the term of court at which the judgment sought to be set aside was rendered. Neither of the plaintiffs was present in court, in person or by attorney, when defendants amended the answer originally filed by them to plaintiffs' petition for injunction, nor had either of them, or their counsel, been served with "any sort of notice that any amendment was going to be made," and "knew nothing about what had been done until more than two months after the adjournment of said court." Their sole counsel was, at the time, "confined at his home with sickness." This "amendment was not sworn to or verified in any way," and "stated and set up facts that were untrue." In point of fact, "defendants had no title to said lands, and well knew it, and had never been in the legally acquired possession of the property, but had entered on the property with force and arms and had ejected petitioners' tenants therefrom in the manner and form as described in their said ejectment suits which were returnable to that very term of said court," it being the design "of said defendants to obtain the decree, predicated upon a pretended amended statement of facts that they dared not swear to, for the purpose of preventing a recovery by petitioners in their said ejectment suits." On the hearing, so "petitioners have recently been informed, the defendants, Cannon et al., introduced no paper title before the court and jury, and oral evidence only was presented to the jury, and a verdict was directed by the court for the defendants." As originally filed, the petition last above referred to named as defendants J. C. Cannon, as administrator, F. A. Bleckley and James Bleckley. At the trial term thereof, W. S. Paris was, on motion of the plaintiffs, also made a party defendant. He thereupon joined the other defendants in a demurrer to the petition, based on various grounds, which the court sustained, and the action was dismissed. To this judgment of dismissal the plaintiffs excepted. In their bill of exceptions brought to this court, the facts above recited concern-

ing the history of this litigation throughout its various stages are made to appear by setting forth at length copies of the pleadings filed by the parties in connection therewith. The persons named in the bill of exceptions as defendants in error are "J. C. Cannon as administrator of H. W. Cannon, F. A. Bleckley, and James Bleckley." There appears thereon an acknowledgement of service signed: "W. S. Paris, attorney for defendants in error."

When the case was called for argument here, a motion to dismiss the writ of error was made " because one of the defendants in the court below, to wit W. S. Paris, a material party to the cause, [had] not been made a party to the bill of exceptions, [had] not been named in the bill of exceptions as required by law, and [had] not been served with the said bill of exceptions." We are fully satisfied that this motion was well taken, and accordingly adjudge that the writ of error be dismissed. It is apparent from the foregoing recital of facts that W. S. Paris was a party to the judgment to reverse which the pending bill of exceptions was sued out. It is also true beyond doubt that he was an essential party to the case and is interested in having that judgment sustained. For these reasons, it is clear that he was an indispensable party to the bill of exceptions now under consideration and ought to have been served with a copy of the same. He was neither made a party nor served. Although it appears from the pleadings which are set forth in the bill of exceptions that Paris was made a party defendant in the court below after the plaintiffs' petition had been filed, it by no means follows, and is not true, that he was made a party to the bill of exceptions or named as such therein. This being so, his acknowledgment of service upon the bill of exceptions as "attorney for defendants in error " must be construed, not as an acknowledgment of service upon himself in his individual capacity, but simply as an acknowledgment in behalf of those who were in fact made defendants in error, which he signed as their authorized attorney. See *Inman, Smith & Co.* v. *Estes,* 104 *Ga.* 645, and the cases there cited.

*Writ of error dismissed. All the Justices concurring.*