GEORGIA LOAN & TRUST COMPANY *et al. v.* MILLTOWN LUMBER COMPANY.

An equitable petition was filed, praying for an injunction against the cutting and carrying away of mill timber or permitting any trespass thereon, and for general relief. The plaintiff claimed to have a title to the timber, superior to that claimed by the defendant. A certain conveyance under which the defendant claimed was attacked as not conveying title, and it was alleged that persons under whom the defendant claimed did not have title. Several of the persons under whom the defendant claimed, and who were warrantors of the title, were made parties defendant, and joined with the original defendant in asserting that its title was good. On the hearing the injunction was denied, and the plaintiffs excepted. The bill of exceptions was served only on the original defendant, and not on the warrantors who were thus made parties defendant. *Held,* that they were substantial parties interested in the result, and on motion the writ of error must be dismissed for a failure to serve them.

Argued May 20,—Decided June 14, 1907.

From Berrien superior court. Motion to dismiss.

*Hendricks, Smith & Christian,* for plaintiffs.

*Cranford & Wilcox,* for defendant.

LUMPKIN, J. The warrantors were made parties defendant. They filed pleadings insisting that a conveyance which was attacked by the plaintiff, and under which the original defendant claimed, was valid and conveyed title. They were interested in sustaining the title and thus saving themselves from liability on their warranties. It was contended that the conveyance in question was void as matter of law. Had this court so held, it would have bound both the original defendant and his warrantors who were parties. They were therefore directly interested in sustaining the judgment which refused the injunction. It is suggested in the brief of counsel that in the court below it was argued that the order making the warrantors parties was void, and that they were not lawful parties. But there is no suggestion of any thing of this kind in the record or bill of exceptions.

*Writ of error dismissed. All the Justices concur.*