HUMPHREY <i>et al.</i> v. POWELL <i>et al.</i>

LUMPKIN, J.   1.   A suit was brought to recover land.   The defendants filed a petition, alleging that, in order that they might fully set up their defenses and obtain their full rights, it was necessary that certain persons should be made parties to the cause, among them being a bank which appeared from the evidence to have made a warranty deed to one of the defendants, under which conveyance they asserted a claim. A rule nisi was issued, requiring the bank to show cause why it should not be made a party.   Through its attorney it acknowledged service of the petition and process.   Subsequently the plaintiffs filed a petition alleging that, before the cause could proceed to trial, it was necessary that the bank be made a party defendant, and praying that it be so made.   A rule nisi was issued and served, and an order was taken making the bank a party defendant.   Among other contentions of the plaintiffs, the title of the bank was attacked as invalid.   It does not appear that the bank filed an answer.   After a decree in favor of the defendants, the plaintiffs excepted.   The bank was not made a party defendant in error, was not served with the bill of exceptions, and did not acknowledge service.   *Held,* that on motion the writ of error must be dismissed.   Civil Code (1910), § 6160; *Georgia Loan & Trust Co.* v. *Milltown Lumber Co.,* 128 *Ga.* 525 (57 S. E. 761); *Davis* v. *Walters,* 140 *Ga.* 229 (78 S. E. 838).   Under such circumstances the bank was a necessary party defendant in error, interested in sustaining the judgment of the court below.   The fact that it did not file pleadings in the trial court did not prevent it from being interested in thus sustaining the judgment, which prevented a further attack upon its title, and relieved it of any liability on its warranty.

2.   A motion to make the bank a party defendant in error in this court, over objection of the other defendants in error, and where the bank did not waive service and agree for the case to proceed, must be denied.

3.   There is no merit in the contention that the bank was not in existence as a corporation, so as to be a necessary party defendant to the bill of exceptions.   It was made a party defendant in the court below, on motion of the plaintiffs, in 1914; and there is nothing to show that it ceased to be a corporation.   An affidavit from the tax-collector of the county, to the effect that no tax return appeared on the tax books of the county for the year 1915, and a certificate from the State treasurer that the bank made annual reports up to and including the year 1899, but had filed no report since that time, if admissible at all before this

court, would not show that the bank no longer existed as a corporation or was not a necessary party defendant to the bill of exceptions.

*Writ of error dismissed. All the Justices concur.*
JULY 11, 1916.

Equitable petition; from Fulton superior court. Motion to dismiss.

*L. R. Ray, Burton Smith,* and *L. S. Hulbert,* for plaintiffs.

*C. J. Simmons* and *Rosser, Slaton, Phillips & Hopkins,* for defendants.