## 7997. BANK OF DALTON v. CLARK et al.

1. "Within ten days after the bill of exceptions is signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney, and, if there be several parties with different attorneys, upon each, with a return of service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions; and they alone are parties defendant in the Supreme Court who are thus served." Park's Ann. Code, § 6160 (1).

2. On exception to a judgment of the court below all necessary parties, not purely nominal, must be served. Allen v. Cravens, 68 Ga. 554.

(a) One who was a party in the proceedings in the lower court, and who is named by the plaintiff in error as one of the defendants in the bill of exceptions, is a necessary party to the bill of exceptions if he is interested in sustaining the judgment excepted to.

3. Where a bill of exceptions "is served upon counsel of record in the case, such service shall be held to bind all parties whom such counsel represented in the trial court." Acts 1911, p. 149; Park's Ann. Code, § 6164 (a). This provision of the statute contains a negative pregnant that such service will not bind any party whom such counsel did not represent in the trial court.

DECIDED APRIL 9, 1917.

Complaint; from Whitfield superior court—Judge Fite. November 27, 1916.

F. K. McCutchen, for plaintiff.

M. C. Tarver, W. E. Mann, George G. Glenn, for defendant.

BROYLES, P. J. The bill of exceptions in this case recites that the Bank of Dalton brought suit against W. J. Clark, F. W. Hix, L. F. Clark, J. G. McAfee, and B. L. Heartsill, and that the jury rendered a general verdict in favor of the defendants. It appears from the record, and from the sworn motion to dismiss the bill of exceptions, and from the affidavits attached to the motion, that M. C. Tarver, as attorney, represented four of the defendants, but that he did not represent B. L. Heartsill; that on the trial Heartsill was not represented by any attorney, and that he filed no defense to the suit against him. The bill of exceptions was not served upon Heartsill, nor was such service waived. The only person served with the bill of exceptions was M. C. Tarver, who signed the following acknowledgment: "Due and legal service of the within bill of exceptions acknowledged, copy and all other or further notice waived. This 2nd day of December, 1916. M. C. Tarver, attorney for defendants." It appearing undisputed from the record, and the verified motion to dismiss the bill of excep-

tions and the affidavits attached thereto, that Tarver had no authority to acknowledge service for Heartsill, and that the latter had never waived service, the bill of exceptions must be dismissed. This ruling is not in conflict with the decision in *Connor* v. *Hodges,* 7 *Ga. App.* 153 (66 S. E. 546), where it was held that "an acknowledgment of service of a bill of exceptions by counsel, signing as 'attorney for defendants in error,' will be presumed to include all of the defendants in error named in the bill of exceptions. Where there are several defendants in error, and counsel, in signing the acknowledgment of service of the bill of exceptions, does not specify by name those whom he represents, *and it is not made to appear that he was not authorized to represent a particular party to the cause,* his authority to acknowledge service for all of the defendants in error is to be inferred from the fact that he so signed" (italics ours). The clause italicized clearly shows the difference between that case and the instant one; for here it is clearly made to appear that attorney Tarver was not authorized to represent Heartsill. Heartsill having been named in the bill of exceptions as one of the defendants in error, and the record showing that he was one of the defendants in the lower court, that he was personally served by the sheriff, and that a general verdict was rendered in favor of the defendants, and counsel for the plaintiff in error having argued in his brief, among other contentions, that the verdict was contrary to law and the evidence because it was in favor of Heartsill, who had filed no defense, as well as in favor of the other defendants, such counsel will not now be heard to contend that Heartsill is not a material party to the bill of exceptions. This is true although the judgment entered up against the plaintiff for costs was in favor of the other four defendants (naming them) only, Heartsill's name not being included therein.

Heartsill was named as a defendant in the suit in the trial court by the plaintiff itself, and, being duly served by the sheriff, as shown by the record, he was a party to the trial proceedings. He was again named by the plaintiff in error as a defendant in the bill of exceptions, and an attempt was made to serve the bill of exceptions upon him by serving an attorney who the plaintiff in error thought represented him. Under such circumstances, on the motion to dismiss the writ of error upon the ground that the bill of exceptions was not served upon Heartsill, nor service acknowledged

by him or for him by another duly authorized, and where the truth of this ground appears, and the plaintiff in error then seeks to avoid a dismissal of the writ of error by alleging that Heartsill is not a necessary party to the bill of exceptions, the burden is upon the plaintiff in error to establish the truth of this contention; and, in our opinion, it has failed to do so. Under the facts stated, if Heartsill is interested in sustaining the judgment overruling the motion for a new trial, he is a necessary party to the bill of exceptions. *Western Union Telegraph Co.* v. *Griffith,* 111 *Ga.* 551 (36 S. E. 859); *Davis* v. *Walters,* 140 *Ga.* 229 (78 S. E. 838); *Parrish* v. *Adams,* 145 *Ga.* 1 (88 S. E. 417); *Swafford* v. *Shirley,* 7 *Ga. App.* 347 (66 S. E. 1022). The plaintiff in error is seeking by this writ of error not only to get rid of the judgment entered up in favor of the other four defendants, but also to set aside the general verdict rendered in favor of all of the defendants, including Heartsill. He can not get rid of the judgment without getting rid also of the verdict upon which that judgment rests. While Heartsill has no judgment (based on that verdict) in his favor, he has nevertheless *the verdict itself.* As one of the five defendants he has an undivided fifth interest in the verdict and in upholding it, and as long as that verdict stands he is protected from any further attack on the part of the plaintiff in error. That verdict stands as a barrier between him and the plaintiff in error. Grant that, in the absence of a judgment based upon it, it is an incomplete and imperfect barrier, nevertheless, until it is removed, he can not again be shot at by the plaintiff in error. Is Heartsill, under such circumstances, interested in having the barrier remain where it is? Heartsill, be it remembered, is purely on the defensive, and wants only to be let alone; he has no desire to shoot at the plaintiff in error, and he is decidedly opposed to being shot at again by the latter; so the present situation is perfectly satisfactory to him, and he desires the protecting barrier (the verdict in his favor) to remain as it is. It follows that Heartsill is personally interested in the sustaining of the judgment of the lower court overruling the motion for a new trial, and that, therefore, he is a necessary party to the bill of exceptions.

*Writ of error dismissed. Jenkins and Bloodworth, JJ., concur.*