## 9184. BANK OF DALTON *v.* HEARTSILL.

It was not error, under the facts, to sustain a demurrer to the motion of the plaintiff to enter judgment, and to dismiss that motion.

DECIDED APRIL 9, 1918.

Complaint; from Whitfield superior court—Judge Wright, presiding. August 2, 1917.

*C. D. McCutchen, F. K. McCutchen,* for plaintiff.

*W. E. Mann, W. C. Martin,* for defendant.

BROYLES, P. J. 1. At the April term, 1915, of the superior court of Whitfield county, a joint suit on an unconditional contract in writing was brought against five defendants. Four of the defendants filed sworn defenses to the suit. The other defendant, B. L. Heartsill, filed no plea. Upon the trial a general verdict in favor of the "defendants" was rendered. Judgment was entered, however, in favor only of the four defendants who had filed pleas. No judgment in favor of or against Heartsill was entered. No motion was made to have the verdict corrected or construed, so that it would read in favor of the four defendants who had filed pleas, and against Heartsill, who had failed to do so. Instead of this a motion for a new trial was made by the plaintiff as to all of the five defendants; it was overruled, and the plaintiff excepted, naming in the bill of exceptions all five defendants as defendants therein, but the bill of exceptions was not served upon Heartsill, nor was service acknowledged by him or for him by another duly authorized; and the plaintiff in error failing to establish, to the satisfaction of this court, its contention that Heartsill was not a necessary party to the bill of exceptions, the writ of error was dismissed. *Bank of Dalton* v. *Clark,* 19 *Ga. App.* 729 (92 S. E. 40). Thereafter, at a subsequent term of the lower court to that at which the trial was had, but before the remittitur from this court had been made the judgment of that court, or recorded upon its minutes, the plaintiff bank filed a written motion in the trial court to set aside the verdict in so far as any adjudication of plaintiff's rights against Heartsill was concerned, and to allow the plaintiff to enter up judgment in its favor against Heartsill. A rule nisi was issued, and upon the hearing thereof the court sustained a demurrer to the motion and dismissed the motion; and the plaintiff excepted.

Under the facts stated above, and under the decisions of this court in *Bank of Dalton* v. *Clark,* supra, and in *Pittsburg Plate Glass Co.* v. *Maril,* 21 *Ga. App.* 682 (94 S. E. 903), the court did not err in dismissing the motion. This ruling being controlling, it is unnecessary to consider the other assignments of error.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

HARWELL, J., concurring specially. Inasmuch as Heartsill filed no plea, the writer would hold, as an original proposition, that the verdict, "We, the jury, find in favor of the defendants," under the pleadings and the issues submitted by the charge of the court, was a verdict in favor of the four defendants only who filed pleas, and should not be construed as a verdict for Heartsill, who filed no plea, and that the plaintiff would be entitled on motion to have judgment entered nunc pro tunc in its favor against Heartsill. But the plaintiff seems to be concluded on this question by the judgment of this court when this case was here before. *Bank of Dalton* v. *Clark*, 19 *Ga. App.* 729 (92 S. E. 40). In holding that Heartsill was a necessary party defendant and that he should have been served with the bill of exceptions, this court necessarily held, it seems to the writer, that the verdict was one in favor of Heartsill. In fact this court said in the opinion: "While Heartsill has no judgment (based on that verdict) in his favor, he has nevertheless the verdict itself. As one of the five defendants he has an undivided fifth interest in the verdict and in upholding it, and as long as that verdict stands he is protected from any further attack on the part of the plaintiff in error." That being the case, the motion of the plaintiff to enter up judgment nunc pro tunc in its favor against Heartsill and to set aside the verdict was properly dismissed by the court.