## WOOLARD *v.* CORCORAN.

PER CURIAM. Harriet B. Corcoran filed suit in the superior court of Worth county, against Henry D. Woolard, seeking to recover judgment upon a promissory note, and also a special lien on certain land, to which he held a deed to secure the sum represented by the promissory note. Mrs. Sarah E. Woolard, wife of Henry D. Woolard, filed a petition seeking to intervene in the above-stated suit, setting up certain equities, making Henry D. Woolard of Worth County; Edward L. Bryan of Florida, and Howard M. Smith & Company of Bibb County, Georgia, parties defendant, and amending the original suit, so that the plaintiff Corcoran would sue for the use of Sarah E. Woolard. The court issued a rule nisi directed to the plaintiff Corcoran, and to all of the parties sought to be made parties defendant. Plaintiff Corcoran filed objections to the allowance of the amendment, and also a demurrer to the same. Edward L. Bryan acknowledged service. Howard M. Smith & Company were not served and did not appear. On the hearing the court sustained the objections and refused to allow the intervening petition, to which judgment Sarah E. Woolard excepted. The bill of exceptions refers to the cause as "Sarah E. Woolard *v.* Harriet B. Corcoran et al., the same being a petition for intervention in the case of Harriet B. Corcoran *v.* Henry D. Woolard." Harriet B. Corcoran, through her attorney of record, duly acknowledged service on the bill of exceptions; but neither Henry D. Woolard nor E. L. Bryan nor Howard M. Smith & Co. was made a defendant in error, nor was service of the bill of exceptions perfected on either of them. On the hearing in this court the defendant in error moved to dismiss the bill of ex-

ceptions, on the ground "that Howard M. Smith & Co., Howard M. Smith, Warren Nottingham Jr., and Andrew J. Lyndon, and Edward L. Bryan are each and all interested in sustaining the judgment rendered, and none of them are shown to have been made parties to said bill of exceptions, or to have been served therewith, or to have waived or acknowledged service thereof." *Held:*

Where it appears that all of the parties interested in sustaining a judgment have not been made parties defendant to the bill of exceptions, the writ of error will be dismissed. It appears in this case that E. L. Bryan was interested in sustaining the judgment of the trial court refusing to allow an intervention making him a party defendant. He was therefore a necessary party defendant in error; and the bill of exceptions failing to make him a party thereto; the motion to dismiss must be sustained. Civil Code, § 6160; *White* v. *Bleckley*, 105 *Ga.* 173 (31 S. E. 147); *Humphrey* v. *Powell*, 145 *Ga.* 458 (89 S. E. 427); *Tillman* v. *Davis*, 147 *Ga.* 206 (93 S. E. 201).

*Writ of error dismissed. All the Justices concur.*
No. 664. AUGUST 14, 1918.

Writ of error; from Worth. Motion to dismiss.

*T. H. Parker, J. H. Tipton,* and *R. J. Bacon,* for plaintiff in error. *Ryals & Anderson,* contra.