Beck, P. <T.
A mortgagee instituted in the superior court a proceeding against the administrator of the mortgagor, to foreclose the mortgage; and he prayed for the reformation of the instrument in certain particulars, so as to make the description of the. part of the property mortgaged more complete as well as more definite and specific. He prayed further that the heirs at law of the mortgagee, whose names were set forth in the petition, he made parties defendant. These heirs were duly served. Three of them filed a demurrer and answer. Several of them, though served, did not appear and plead. The general demurrer filed by the heirs who appeared was sustained. After this an amendment was tendered by the plaintiff, asking that the names of all the heirs be stricken as parties. The court refused to allow the amendment. The plaintiff sued out a writ of error, assigning error upon the rulings just stated. The bill of exceptions was duly served upon the administrator and upon the three heirs who appeared and pleaded; but the other heirs who were defendants were not named as parties to the bill of exceptions, nor were they served. Held, that the heirs who were not served with the bill of exceptions were interested in sustaining the judgment rendered, and were necessary parties to the bill of exceptions. Consequently the motion to dismiss the writ of error is sustained. Wiley v. Jones, 129 Ga. 635 (59 S. E. 709); Humphrey v. Powell, 145 Ga. 458 (89 S. E. 427).

Writ of error dismissed.

All the Justices concur.