10545. CLARKE & WOOD *v.* BROOKE *et al.,* for use, etc.

BLOODWORTH, J. 1. The motion to dismiss the bill of exceptions is overruled.

(*a*) The cases cited and relied upon by defendant in error to sustain the 1st and 2d grounds of the motion to dismiss were decided before the act approved Aug. 21, 1911 (Ga. Laws, 1911, p. 149). See sections 3 and 4 of that act, and *Bank of Dalton* v. *Clark,* 19 *Ga. App.* 729 (3) (92 S. E. 40).

(*b*) Counsel for the defendants in error cites certain cases to sustain the 3d ground of his motion to dismiss. These were decided before the act of 1896 (Ga. L. 1896, p. 45). See *Hammond* v. *Hammond,* 135 *Ga.* 768 (3), 770 (70 S. E. 588); *Harnage* v. *State,* 7 *Ga. App.* 573 (67 S. E. 694).

2. The judge of the superior court properly overruled the petition for certiorari.

    *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
    DECIDED NOVEMBER 4, 1919.

Certiorari; from Fulton superior court—Judge Ellis. January 20, 1919.

The case is described in the bill of exceptions as "the case of Clarke & Wood versus J. P. Brooke et al., for use of J. P. Brooke, the same being a certioriari," etc. The bill of exceptions does not elsewhere mention the defendant or defendants in error. An acknowledgment of service thereon is signed, "W. H. Lewis, attorney for defendant in error." The judgment complained of is dated January 20, 1919. The bill of exceptions says: "Plaintiffs in error come on this the 19th day of March, 1919, and within the time prescribed by law, and present . . their bill of exceptions," etc. The motion to dismiss the writ of error is on the grounds: (1) that the bill of exceptions does not name all the parties defendant; (2) that it does not appear that service on any of the defendants designated as "et al." was made or acknowledged or waived; that the acknowledgment signed by W. H. Lewis as attorney for "defendant" could only be construed as referring to the defendant J. P. Brooke, named in the bill of exceptions; and (3) that it appears from the bill of exceptions that it was tendered and certified more than thirty days after the rendition of the judgment excepted to, and it does not appear when the court adjourned.

*A. E. Wilson,* for plaintiff in error.

*W. H. Lewis, J. P. Brooke,* contra.