MEADOWS, administrator, *v.* SIMMONS, receiver, *et al.*

GILBERT, J.   Under the principles ruled in *Clark Milling Co.* v. *Simmons*, 155 *Ga.* 505 (117 S. E. 437), the writ of error in this case is dismissed on the ground that all of the proper defendants in error have not been served with the bill of exceptions as required by law.

*Writ of error dismissed.   All the Justices concur.*

No. 3450.   APRIL 14, 1923.   REHEARING DENIED JUNE 7, 1923.
MOTION TO VACATE DENIED JULY 21, 1923.

Writ of error; from Laurens.   Motion to dismiss.

*Adams, Camp & Youmans, Leonard Haas,* and *Henry A. Alexander,* for plaintiff in error.

*Jones, Park & Johnston, M. H. Blackshear, Burch & Daley, C. C. Crockett,* and *J. B. Green,* contra.

### ON MOTION FOR REHEARING.

BY THE COURT.   This was a petition brought by the administrator to marshal the assets of the estate of his intestate, and to enjoin creditors, who had instituted suits, from pressing them, and to enjoin those who had not brought suits from instituting them.   The heirs at law and various creditors were made defendants thereto.   On the presentation of this petition to the judge for leave to file same and for a temporary injunction, the court designated the Stevens Hardware Company as the representative of the class of resident creditors holding open accounts in the County of Laurens, and designated S. R. Jaques & Tinsley Company as the representative of the class of non-resident creditors holding open accounts.   Jones, Park & Johnston as attorneys acknowledged service of the petition for S. R. Jaques & Tinsley Co. and the Fourth National Bank of Macon.   S. R. Jaques & Tinsley Co., I.   Kessler Commission Co., Dunlap Hardware Co., Macon Grocery Co., United States Sales Co., Armour &. Co., Belknap Hardware & Manufacturing Co., Rouse-Hempstone & Co., Leo Frank Inc., D. M. Ferry & Co., and the Waxelbaum Company filed an answer in the nature of a cross-petition against the administrator, alleging that he had been guilty of a devastavit, and praying judgment de bonis propriis and de bonis testatoris against him.   Each of these parties obtained a judgment against the administrator, and likewise recovered a judgment in favor of the receiver for a large amount on their cross-petition setting up such devastavit.   The administrator sued out a bill of exceptions. Jones, Park & Johnston acknowledged service on the bill of exceptions as " attorneys for S. R. Jaques & Tinsley Co., open acct. creditor, & Fourth Nat. Bank of Macon, note creditor; for S. R. Jaques & Tinsley Co., representative of non-resident creditors." There is no further service or acknowledgment of service on the bill of exceptions of the above defendants who answered the petition of the administrator, and who represented themselves in this litigation, and each of whom recovered separate and distinct

judgments against the administrator on their claims against his intestate.

1. Conceding that this was a proper case for the appointment of representatives of classes, when members of a class of creditors came in, answered the petition of the administrator, represented themselves in such litigation, and each obtained a judgment on his claim against the administrator, the bill of exceptions should be served upon each of such creditors, or acknowledgment of service on the bill of exceptions by each of said creditors should be obtained; and service on the representative of the class to which they belong or acknowledgment of service by the attorney of such representative is not binding on such creditors, although such attorney likewise represented these creditors.

2. It is insisted that this case is controlled by the act of Aug. 21, 1911 (Acts 1911, p. 149, Park's Code, § 6164 (a) ), which regulates review procedure and practice in this State. Section 4 of that act declares: " That where a bill of exceptions which can be identified as excepting to a specific judgment is served upon counsel of record in the case, such service shall be held to bind all parties whom said counsel represented in the trial court. Where counsel acknowledges service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, whether such signing is done before or after the signing of the writ of error, unless counsel in the entry of acknowledgment distinctly and specifically states that it is *not* to be construed as waiving some particular defect then pointed out by him." If the bill of exceptions in this case had been served upon counsel of record in the case, such service should be held to bind all parties whom such counsel represented in the trial court. So if the bill of exceptions had been served upon Jones, Park & Johnston, attorneys representing these defendants and also representing the representative of the class of creditors to which these defendants belong, it would be binding upon all parties whom they represented in the court below; but service was not perfected in this manner. Acknowledgment of service of the bill of exceptions was procured from these attorneys, they specifically acknowledging service for two named defendants and for one of these defendants who represented the class of creditors to whom these other defendants

belonged. They did not acknowledge service generally for defendants in error or for all the defendants whom they represented. If they had, such acknowledgment would have been a complete waiver of all defects in the service. Had they acknowledged service generally, it would be construed to refer to all parties they represented in the court below; and in such case the acknowledgment would be a waiver of all defects in the service. Instead of acknowledging service generally or for all the parties they represented, they acknowledged service specifically for certain named defendants. This, under the act of 1911, would not embrace all parties they represented in the court below. Service of the bill of exceptions on the representative of a class would not bind such members of the class as came in and defended the case in propria persona. The judgment dismissing the writ of error in this case was rendered on April 14, 1923. Within the time required under the rules a motion for a rehearing was filed. This motion was overruled on June 7, 1923. Thereafter a petition was filed by plaintiff in error praying that this court vacate the judgment overruling the motion for a rehearing. That motion has been given more than ordinary time and attention, but after such mature consideration our views on the question are unaltered. In our opinion the judgment in the case of *Clark Milling Co.* v. *Simmons* (supra), which was the authority for the judgment in this case, is not in conflict with any of the previous decisions to which our attention has been called, and which plaintiffs in error insist have been overlooked. We will add, however, to what has been said above, what we think is a complete reply to the contention that the court overlooked Code § 6250, rule 51, with reference to notice of such motion to dismiss. It is insisted that under this rule "no motion to dismiss a writ of error will be considered unless notice of such motion and the grounds thereof in writing be given to counsel for the plaintiff in error twenty-four hours before the case is called for argument," and that no such notice was given. The reply is that in the same section and in the last line thereof the code provides also: "If the court has no jurisdiction, it will dismiss the writ of error whenever and however this may appear." That the lack of service of a necessary party is a jurisdictional matter has been frequently decided, and in all

such cases the court has of its own motion dismissed the writ of error.