## SANDERS *et al.* v. SANDERS *et al.*

ATKINSON, J.   1. Service of a bill of exceptions must be made within ten days after the bill of exceptions has been signed and certified. The service shall be by serving a copy of the bill of exceptions upon the opposite party or his attorney; "and if there be several parties with different attorneys," the service shall be upon each party or his attorney. Civil Code (1910), § 6160, par. 1.

2. Where there are several defendants in error, the bill of exceptions must be served upon each defendant in error who is interested in sustaining the judgment upon which error is assigned. *Georgia Loan & Trust Co.* v. *Milltown Lumber Co.*, 128 *Ga.* 525 (57 S. E. 761); *Parrish* v. *Adams*, 145 *Ga.* 3 (88 S. E. 417); *Humphrey* v. *Powell*, 145 *Ga.* 458 (89 S. E. 427); *Davis* v. *Walters*, 140 *Ga.* 229 (78 S. E. 838).

3. "In cases where such opposite party is the State, or where such opposite party does not reside in the county where such bill of exceptions is sued out, and such bill of exceptions can not be served personally upon the attorney of such opposite party by reason of his absence from the county of his residence, service may be perfected by leaving a copy of such bill of exceptions at the residence of such attorney." Civil Code (1910), § 6060, par. 2.

4. Where it is attempted to serve a bill of exceptions by leaving a copy thereof at the residence of the attorney of the defendant in error, it must affirmatively appear that the defendant in error is a non-resident of the county. *Bank of Southwestern Georgia* v. *Tillman*, 94 *Ga.* 731 (20 S. E. 4); *Connell* v. *Waddell*, 26 *Ga. App.* 307 (106 S. E. 20).

5. Several persons were named as defendants in error in a bill of exceptions. The only proof of service of the bill of exceptions is an affidavit by the attorney of the plaintiffs in error, stating "that the defendants in error named above are not all residents of the county," and that a named attorney at law, who resides in and has his office in another county of this State, is the attorney of record for all of the defendants in error, and that on a named date within ten days after the bill of exceptions was certified the attorney for the plaintiffs in error went to the office and to the residence of the attorney of record for the defendants in error, for the purpose of serving the bill of exceptions, and, finding him absent from both places, the said attorney for the plaintiffs in error "served the foregoing bill of exceptions, or a copy thereof, upon the attorney of record for the defendants in error in the above named and stated case, and perfected service upon the aforesaid defendants in error by leaving a copy of said bill of exceptions at the residence of said" attorney of record for the defendants in error at a named hour of the day. *Held*, that this proof of service would be sufficient only as to such defendants in error as were non-residents of the county in which the case was tried; and it was not made to appear affirmatively that all of the defendants who were interested in sustaining the judgment upon which error was assigned were non-residents of the county in which the case was tried. A motion to dismiss the bill of exceptions must be sustained.

*Writ of error dismissed.   All the Justices concur.*

No. 5262.   FEBRUARY 18, 1927.

Appeal and Error, 4 C. J. p. 304, n. 11, 14, 16, 20; p. 305, n. 27.

Equitable petition. Before Judge Custer. Baker superior court. August 4, 1925.

*W. I. Geer*, for plaintiffs.   *Claude Payton*, for defendants.