### 26145. JONES *v.* SUTPHIN COMPANY.

DECIDED JULY 1, 1937.

*Walter A. Sims, J. W. Plunkett Jr.,* for plaintiff.
*Haas, Gambrell & Gardner, Thomas A. Fry,* for defendant.

MacINTYRE, J. Lillie Mae Jones instituted proceedings under the Georgia workmen's compensation act against I. V. Sutphin Company, to procure an award for the death of her husband, Curtis Jones. The director found against the claim, the full board affirmed the finding of the director, and the judge of the superior court approved the finding of the full board and denied the appeal. The applicant is now seeking a review by the Court of Appeals.

The first question for consideration is the motion of I. V. Sutphin Company to dismiss the writ of error, "upon the ground that Maryland Casualty Company, a party defendant in the court below and a necessary and essential party to the bill of exceptions, has not been named as a defendant in error in the bill of exceptions, and the bill of exceptions has not been served on said Maryland Casualty Company, nor has it acknowledged or waived service thereon, as required by law." It is true that the Maryland Casualty Company is not named as a defendant in the bill of exceptions, that no service of the bill of exceptions was made on that company, and that it neither acknowledged nor waived service of the bill of exceptions. It appears from the record that the Maryland Casualty Company was the insurance carrier, and that it was a party defendant throughout the proceedings before the Department of Industrial Relations. "All persons who are in-

terested in sustaining or reversing the judgment of the court below are indispensable parties in the Supreme Court and Court of Appeals; and they must be made parties to the bill of exceptions." *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190). That decision was followed in *Carter* v. *State,* 180 *Ga.* 578, 580 (180 S. E. 110). "Failure to make a person interested in sustaining a judgment excepted to a party to the bill of exceptions, and to serve such person with a copy thereof, results in a dismissal of the writ of error." *U. S. Leather Co.* v. *First National Bank of Gainesville,* 107 *Ga.* 263 (33 S. E. 31). To the same effect was the ruling in *Daniel* v. *Virginia-Carolina Chemical Cor.,* 50 *Ga. App.* 275 (177 S. E. 925). Code, § 6-1202, dealing with "essential parties," was fully analyzed and discussed in *W. U. Tel. Co.* v. *Griffith,* 111 *Ga.* 551, 554 (36 S. E. 859). In that decision, referring to the statement of Judge Bleckley in *McNulty* v. *Pruden,* 62 *Ga.* 135, 138, Justice Fish said that "there was a vast difference between introducing proper plaintiffs in error, who were not entitled to notice, and attempting to add by amendment necessary defendants in error who had not been made parties to or served with the bill of exceptions agreeably to statutory provisions which were imperative."

The bill of exceptions in the instant case could not be amended by making the insurance carrier a party defendant in error. *Witham* v. *Cleaveland,* 180 *Ga.* 180 (178 S. E. 436). "Every employer who accepts the provisions of this title relative to the payment of compensation shall fully insure and keep fully insured, unless otherwise ordered or permitted by the Department of Industrial Relations, his liability hereunder," etc. Code, § 114-602; Ga. L. 1920, p. 203; 1931, pp. 7, 43. "All policies insuring the payment of compensation under this title . . must contain a clause to the effect that as between the employer and the insurer or insurers the notice to or knowledge of the occurrence of the injury on the part of the insured employer shall be deemed notice or knowledge . . on the part of the insurer or insurers; . . and that *the insurer* or insurers *shall in all things be bound by and subject to awards, judgments, or decrees rendered against such insured employer."* (Italics ours.) § 114-606. "No policy or contract of insurance shall be issued unless it contains the agreement of the insurer or insurers that it or they will promptly

pay to the person entitled to same all benefits conferred by this title and all installments of the compensation that may be awarded or agreed upon, and that the obligation shall not be affected by any default of the insured after the injury, or by any default in giving notice required by such policy, or otherwise. Such agreement shall be construed to be a direct promise by the insurer or insurers to the person entitled to compensation, enforceable in his name." § 114-607. Obviously the insurance carrier in the instant case is vitally interested in sustaining the judgment affirming the award of the Department of Industrial Relations, and therefore was an indispensable party defendant to the bill of exceptions. It follows that the writ of error must be

*Dismissed. Broyles, C. J., and Guerry, J., concur.*