## 29531. GILBERT *v.* MERRITT, administrator.

DECIDED MAY 6, 1942.

*R. E. Kirby, John F. Echols,* for plaintiff in error.

*H. S. Brooks,* contra.

GARDNER, J. L. D. Gilbert qualified as administrator of the estate of Mrs. Ike Pugh. He was removed, and J. V. Merritt was selected and qualified as administrator de bonis non to succeed L. D. Gilbert. As administrator de bonis non, Merritt entered suit against Gilbert and against R. A. Ingram, the surety on the administrative bond of Gilbert. A judgment was obtained in favor of the administrator de bonis non and against Gilbert as principal, and Ingram as surety, for $177.13. The surety, Ingram, although served, filed no answer. The principal, Gilbert, made a motion for new trial, which was overruled. Gilbert sued out his bill of exceptions alleging error on the overruling of the motion. Ingram is not a party to the bill of exceptions. A motion is made to dismiss the writ of error because of the failure to make Ingram a party.

We think the motion should be sustained, under the Code, § 6-1202. Under this section the surety on ˌthe bond, Ingram, is and was such a party to the proceedings as to be interested in sustaining the verdict and judgment against the plaintiff in error. A reversal of the judgment as to the plaintiff in error would leave the surety on the bond, Ingram, solely liable ˌthereon. The Code, § 113-1219, provides: "The administrator and his sureties . .

may be sued as such in the same action." The Code, § 113-2104, provides: "When judgment shall be obtained against principal and sureties, as provided in the three preceding sections, the property of the sureties shall not be levied upon until that of the principal shall be exhausted." See in this connection *Woolard* v. *Corcoran,* 148 *Ga.* 299 (96 S. E. 564); *Tillman* v. *Davis,* 147 *Ga.* 206 (93 S. E. 201). The ruling in *White* v. *Bleckley,* 105 *Ga.* 173 (31 S. E. 147) was as follows: "A person who was a party to a judgment to set aside which an equitable petition was brought, and who was interested in sustaining that judgment, was properly made a party defendant to such petition; and where the same was dismissed on demurrer, this person was an essential party to a bill of exceptions sued out to review in the Supreme Court the judgment of dismissal."

*Writ of error dismissed. Broyles, C. J., and MacIntyre, J., concur.*