### 30701. PRITCHARD *v.* KRAFT CHEESE COMPANY.

SUTTON, P. J. 1. "All persons who are interested in sustaining or reversing the judgment of the court below are indispensable parties in the Supreme Court and Court of Appeals; and they must be made parties to the bill of exceptions." *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190); *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552 (168 S. E. 316); *Poston* v. *Durham,* 177 *Ga.* 870 (171 S. E. 765); Code, § 6-1202.

2. This was a claim for compensation by George H. Pritchard as employee against Kraft Cheese Company, his employer, before the State Board of Workmen's Compensation. The director entered an award denying compensation, and, on appeal, the award was approved by the full board and was then affirmed by the superior court. It appears from the record that Travelers Insurance Company was the insurance carrier for the employer and was a party to the claim before the State Board

of Workmen's Compensation, and evidently was interested in sustaining the award denying compensation. But the claimant, in bringing the case to this court, failed to designate or name Travelers Insurance Company as a party defendant in the bill of exceptions, and, upon motion of the defendant in error, this necessarily works a dismissal of the writ of error.

3. "Being vitally interested in sustaining the judgment affirming the finding of the Department of Industrial Relations [State Board of Workmen's Compensation] against the claimant, the insurance carrier was a necessary party defendant to the bill of exceptions. Failure to make it such a party and serve it with a copy of the bill of exceptions, or to procure an acknowledgment or waiver of such service, necessarily results in a dismissal of the writ of error." *Jones* v. *Sutphin Company*, 56 *Ga. App.* 82 (192 S. E. 233). See *Cox* v. *Bibb Mfg. Co.*, 45 *Ga. App.* 158 (164 S. E. 97), for ruling to the same effect. Also see *Hancock* v. *Lizella Fruit Farm*, 184 *Ga.* 73 (190 S. E. 362). Upon motion, the writ of error is *Dismissed.* *Felton and Parker, JJ., concur.*

DECIDED JANUARY 18, 1945.

*E. A. Wright,* for plaintiff.
*Neely, Marshall & Greene,* for defendant.

