## Boyd *v.* DeVane.

Bell, Justice. 1. All parties to the case who are interested in sustaining the judgment of the trial court are indispensable parties in the Supreme Court, and must be made parties to the bill of exceptions, or the writ of error will be subject to dismissal. Code, § 6-1202; *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552 (168 S. E. 316); *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190); *Teasley* v. *Cordell,* 153 *Ga.* 397 (112 S. E. 287).

2. An order or judgment of the trial judge, entered upon an amendment praying that named persons be made parties plaintiff along with the original plaintiff and that the amendment be allowed, should be construed in the light of such amendment including its prayers, and should be given a reasonable intendment accordingly. *Stanfield* v. *Downing Co.,* 186 *Ga.* 568 (199 S. E. 113); *Bentley* v. *Still,* 198 *Ga.* 743 (32 S. E. 2d, 814).

(a) Thus, where, in a suit for injunction and general relief affecting title to land, the plaintiff filed an amendment, alleging additional matter in aid of his claim of title, and alleging further that named individuals who conveyed the land to him with warranty of title should be made parties to the suit as plaintiffs with him and have agreed to become parties, and praying that the individuals named be so made parties plaintiff, and that the amendment be allowed, to which amendment there was attached a statement signed by such individuals agreeing to be made parties; *held,* that an order of the judge entered upon such amendment in the following language, "The above and foregoing amendment read, ordered, considered, and allowed," reasonably construed, had the effect of making such warrantors parties plaintiff as prayed.

3. Verdict and judgment having been rendered in favor of the original plaintiff against the defendant, and the defendant's motion for a new trial having been overruled, the warrantors were interested in sustaining such judgments; and since they were not made parties to the defendant's bill of exceptions complaining of the refusal of a new trial, the motion to dismiss the writ of error on that ground is well taken and must be sustained. *Georgia Loan & Trust Co.* v. *Milltown Lumber Co.,* 128 *Ga.* 525 (57 S. E. 761); *Humphrey* v. *Powell,* 145 *Ga.* 458 (89 S. E. 427); *Pritchard* v. *Kraft Cheese Co.,* 72 *Ga. App.* 34 (2, 3) (32 S. E. 2d, 862).

(a) The ruling made above is not altered by the fact that such warrantors were not made parties to the motion for a new trial, since they were still parties to the case, and the judgment if sustained would

tend to relieve them from liability on their warranty. *Latch* v. *Latch*, 147 *Ga.* 432 (94 S. E. 556); *Daniel* v. *Virginia-Carolina Chemical Corp.*, 50 *Ga. App.* 275 (2) (177 S. E. 925); *Gilbert* v. *Merritt*, 67 *Ga. App.* 315 (20 S. E. 2d, 174).

*Writ of error dismissed. All the Justices concur.*

No. 15771. APRIL 15, 1947. REHEARING DENIED MAY 16, 1947.

246

*Edward Parrish,* for plaintiff in error.   *S. B. McCall,* contra.