1. All parties to the case who are interested in sustaining the judgment of the trial court are indispensable parties in the Supreme Court, and must be made parties to the bill of exceptions, or the writ of error will be subject to dismissal. Code, § 6-1202; Emanuel Farm Co. v. Batts, 176 Ga. 552
(168 S.E. 316); Edwards v. Wall, 153 Ga. 776
(113 S.E. 190); Teasley v. Cordell, 153 Ga. 397 (112 S.E. 287).
2. An order or judgment of the trial judge, entered upon an amendment praying that named persons be made parties plaintiff along with the original plaintiff and that the amendment be allowed, should be construed in the light of such amendment including its prayers, and should be given a reasonable intendment accordingly. Stanfield v. Downing Co., 186 Ga. 568 (199 S.E. 113); Bentley v. Still, 198 Ga. 743
(32 S.E.2d 814).
(a) Thus, where, in a suit for injunction and general relief affecting title to land, the plaintiff filed an amendment, alleging additional matter in aid of his claim of title, and alleging further that named individuals who conveyed the land to him with warranty of title should be made parties to the suit as plaintiffs with him and have agreed to become parties, and praying that the individuals named be so made parties plaintiff, and that the amendment be allowed, to which amendment there was attached a statement signed by such individuals agreeing to be made parties; held, that an order of the judge entered upon such amendment in the following language. "The above and foregoing amendment read, ordered, considered, and allowed," reasonably construed, had the effect of making such warrantors parties plaintiff as prayed.
3. Verdict and judgment having been rendered in favor of the original plaintiff against the defendant, and the defendant's motion for a new trial having been overruled, the warrantors were interested in sustaining such judgments; and since they were not made parties to the defendant's bill of exceptions complaining of the refusal of a new trial, the motion to dismiss the writ of error on that ground is well taken and must be sustained. Georgia Loan Trust Co. v. Milltown Lumber Co., 128 Ga. 525 (57 S.E. 761); Humphrey v. Powell, 145 Ga. 458 (89 S.E. 427); Pritchard v. Kraft Cheese Co., 72 Ga. App. 34 (2,3) (32 S.E.2d 862).
(a) The ruling made above is not altered by the fact that such warrantors were not made parties to the motion for a new trial, since they were still parties to the case, and the judgment if sustained would *Page 244 
tend to relieve them from liability on their v. Latch, 147 Ga. 432 (94 S.E. 556); Daniel v. Virginia Corp., 50 Ga. App. 275 (2) (177 S.E. 925); Gilbert v. Merritt, 67 Ga. App. 315 (20 S.E.2d 174).
Writ of error dismissed. All the Justicesconcur.
 No. 15771. APRIL 15, 1947. REHEARING DENIED MAY 16, 1947.
J. C. DeVane filed a suit in equity against Mrs. Mae Boyd. He alleged: that he was the owner and in possession of a described tract of land consisting of 183 acres more or less of lot No. 241 in the 9th District of Cook county; that he acquired the land on December 7, 1945, by a warranty deed from N. McPhaul and Mrs. Dan McPhaul, a copy of which was attached as an exhibit to the petition and contained the following description: "All that tract or parcel of land situated, lying and being in Ninth District of said [Cook] County, to wit: One hundred and eighty-three acres, more or less, of land lying in the northeast corner of lot of land No. 241 described as follows, to wit: "Commencing at the northeast corner of said lot of land running the original south 15 acres and 16 yards to an established corner, thence an established line west 12 acres and 20 yards to an established corner, then an agreed line north to an established corner on the original line, thence the original line east back to starting point or corner." The defendant has put up posts, and is threatening to stretch a fence on said posts across a part of the south side of the petitioner's land and across the west side, which fence, if located as aforesaid, would cut off a strip (apparently about 1-1/2 acres) on the south side of petitioner's tract, and approximately 16 acres on the west side; and the defendant is threatening to continue said trespass, and if she is allowed to take charge of and to place a fence around the petitioner's land, she would cut the timber that is now situated thereon. The petition contained, among others, prayers for an injunction and general relief.
The defendant filed an answer, in which she admitted she was erecting fences, but alleged that she was erecting them upon her own land, and that they did not in any way affect the lands of the petitioner. She attached to her answer a copy of a deed that was made to her on September 26, 1938, by O. C. Wood, purporting to convey 291.23 acres of the same lot of land, in which deed the *Page 245 
land was described by metes and bounds as follows: "Beginning at an agreed corner on the south original line of said lot twelve and forty hundredths (12.40) chains from the southeast original corner and run an agreed line due north twenty-one and forty-nine (21.49) chains to an agreed corner; then along an agreed line one (1) degree north of west twenty-two and eighty-five hundredths (22.85) chains to an agreed corner; thence along an agreed line due north forty-eight and twenty-two hundredths (48.22) chains to an agreed corner on the north original line of said lot; thence west along the north original line thirty-four and seventy-five hundredths (34.75) chains to the northwest original corner; thence along the west original line due south seventy (70) chains to the southwest corner; thence east along the south original line fifty-seven and fifty-five hundredths (57.55) chains to the starting point."
In paragraphs 10, 11, and 12 of her answer, the defendant alleged in effect that not only were the fences being erected upon her own lands, but that according to her deed she owned additional land both east and north of such fence or fences.
From the foregoing description, it appears that the land claimed by the defendant is situated upon the west and south sides of the lot, except that the south part does not extend entirely to the east original line. It also appeared prima facie from the pleadings, including descriptions in deeds attached thereto, that there would be some overlapping in the descriptions under which the parties asserted their respective claims, and especially as to the line claimed by the plaintiff as the western boundary of his tract, and the opposing line claimed by the defendant as her eastern boundary.
After the filing of the defendant's answer, the plaintiff filed an amendment to his petition, wherein he alleged substantially the following: On February 6, 1894, James F. Mims conveyed the land now claimed by the petitioner to D. K. McPhaul by a deed, which was recorded on April 2, 1894, and in which the description was substantially the same as that shown in the original petition. The amendment then traced the title into N. McPhaul and Mrs. Dan McPhaul, the plaintiff's immediate grantors.
So far as here necessary to be stated, the amendment further alleged: "Petitioner and the said parties mentioned in this amendment have been in possession of said lands under a color of title, for more than a period of time necessary, under the law, to perfect *Page 246 
a perfect title." The said N. McPhaul and Mrs. Dan McPhaul are necessary parties to this suit, for the reason that the deed made by them to the petitioner contained a warranty clause to defend the title. Said parties, being aware of their warranty aforesaid, have agreed to become parties along with the plaintiff in said suit. "Wherefore petitioner prays: (a) That order of the court be granted making said N. McPhaul and Mrs. Dan McPhaul parties plaintiff in said action, and that the amendment be allowed. S. B. McCall, attorney for plaintiffs." Immediately following this amendment, as it appears in the record, is a statement signed by N. McPhaul and Mrs. Dan McPhaul, in which they agreed to be made parties to the action. Next appears an order of the judge, as follows: "The above and foregoing amendment read, ordered, considered, and allowed. This March 29, 1946."
The jury found a verdict for the plaintiff. The defendant moved for a new trial on the usual general grounds and on several special grounds which were added by amendment. The court overruled the motion for a new trial as amended, and the defendant excepted.
The only persons who were made parties to the bill of exceptions were Mrs. Mae Boyd, plaintiff in error, and J. C. DeVane, defendant in error. J. C. DeVane moved to dismiss the writ of error, upon the ground that his warrantors, N. McPhaul and Mrs. Dan McPhaul, were not made parties to the bill of exceptions; it being contended that they were by the amendment made parties to the suit, and that they are interested in sustaining the judgment complained of in the bill of exceptions.
In response to the motion to dismiss, the plaintiff in error contends that the order of the court touching the plaintiff's amendment did not have the effect of making the said N. McPhaul and Mrs. Dan McPhaul parties to the case, and that this is true notwithstanding they signed the statement agreeing to be made parties. It was said also, and correctly, that they were not mentioned or referred to in either the verdict or the judgment; and that neither of them was named or served as a party to the motion for a new trial. For each and all of the foregoing reasons, it is insisted by the plaintiff in error that the motion to dismiss the writ of error should be denied.