WHITEMAN *v.* LEDFORD *et al.*

GROVES, Justice. 1. On the motion to dismiss the writ of error for failure to serve a necessary party, the record shows the following: The original petition named seventeen defendants. Sixteen were properly served. The sheriff certified, "diligent search made and the defendant, Gene Ball, not to be found in Murray County, Georgia," and no service was perfected on him. However, M. C. Tarver originally filed demurrers, general and special, to the petition, as "attorney for the defendants," thus placing Ball before the court. These demurrers were later sustained by

the trial court and the petition dismissed. Such a dismissal enures to the benefit of all the defendants, and they become interested in sustaining the judgment; and if the plaintiff desires to except to the ruling, it is essential that he make all of the defendants in the trial court defendants in error and serve them with a copy of the bill of exceptions, and a failure to do so will require a dismissal of the writ of error. *Tillman* v. *Davis,* 147 *Ga.* 206 (93 S. E. 201); *Boyd* v. *DeVane,* 202 *Ga.* 243 (42 S. E. 2d, 632).

2. Ball was designated as a party defendant in the bill of exceptions; however, Tarver, in acknowledging service thereof, specifically limited the service to "defendants in error as originally named and served." There being no other service or acknowledgment of service on the defendant, Gene Ball, and he being designated in the bill of exceptions as a necessary party, the writ of error must be dismissed. Code, § 6-911; *Meadows* v. *Simmons,* 155 *Ga.* 834 (118 S. E. 425); *Mauldin* v. *Mauldin,* 203 *Ga.* 123 (45 S. E. 2d, 818).

*Writ of error dismissed. All the Justices concur.*

No. 16393. NOVEMBER 17, 1948.

*O. N. Singleton* and *Jackson L. Barwick,* for plaintiff.

*M. C. Tarver,* for defendants.