BRUNSWICK PENINSULAR CORPORATION *v.*
DAUGHARTY *et al.*

No. 16488.  FEBRUARY 17, 1949.

*Copeland & Dukes* and *John J. Gilbert,* for plaintiff in error.
*Sapp & Ewing* and *R. G. Dickerson,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) I. Daugharty and G. R. Daugharty made a motion in

the Supreme Court to dismiss the writ of error on the ground that A. S. Mitchell and Minnie S. Mitchell, parties plaintiff in the trial court, were not named or served as parties defendant in error in the bill of exceptions.

All persons who are interested in sustaining the judgment excepted to are indispensable parties in the Supreme Court, and must be made parties to the bill of exceptions, or the writ of error will be subject to dismissal. Code, § 6-1202; *Hancock* v. *Lizella Fruit Farm*, 184 *Ga.* 73 (190 S. E. 362); *Boyd* v. *DeVane*, 202 *Ga.* 243 (1) (42 S. E. 2d, 632).

Counsel for the plaintiff in error concede that the Mitchells, having received a deed purporting to convey title to the lots in question, were necessary parties in the trial court, but insist that they are not necessary parties in the Supreme Court, since by their contract they provided against the eventuality of the failure of title to such lots. The right of the Mitchells under the security deed to have their notes reduced in the amount stated, if title registration failed, amounts to no more than a definite agreement as to the extent of liability in the event of failure to register the title. The Mitchells, being parties to this suit and the title having been decreed in them, were necessary parties in this court irrespective of any contract they had with the Daughartys from whom they acquired the land.

Accordingly, the record showing that title to the two lots was decreed to be in the Mitchells, they were interested in sustaining such judgment, and since they were not made parties to the bill of exceptions, complaining that the trial court erred in overruling the defendant's exceptions to the findings of the examiner, the motion to dismiss the writ of error on that ground must be sustained.

*Writ of error dismissed. All the Justices concur.*