20060. HULSEY *et al. v.* ATLANTA TRANSIT SYSTEM, INC.

ARGUED MAY 12, 1958—DECIDED JUNE 4, 1958.

*Marson G. Dunaway, Jr.,* for plaintiff's in error.

*Russell M. Striplin, Jule W. Felton, Jr., Wm. W. Mundy, Crenshaw, Hansell, Ware & Brandon,* contra.

HEAD, Justice. Service of a bill of exceptions may be shown by affidavit or by certification of counsel. Code § 6-911, as amended by Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 456.

In the present case the affidavit of counsel for the plaintiff in error recites that the defendant in error is a nonresident of the county, that the bill of exceptions could not be served personally upon the attorney for the nonresident by reason of the attorney's absence from the county of his residence, and that service was perfected by leaving a copy of the bill of exceptions at the residence of the local attorney for the nonresident defendant in error. See Code (Ann.) § 6-911 (2).

"Where a bill of exceptions which can be identified as excepting to a specific judgment shall be served upon counsel of record in the case, such service shall be held to bind all parties whom said counsel represented in the trial court." Code § 6-912; *Mc-Eachin* v. *Jones,* 165 *Ga.* 403 (140 S. E. 878); *Bank of Dalton* v. *Clark,* 19 *Ga. App.* 729 (3) (92 S. E. 40); *Ware* v. *Ware & Harper,* 20 *Ga. App.* 202 (92 S. E. 961).

The affidavit of service on the local counsel for the nonresident defendant in error would not be impeached or invalidated by the fact that the record discloses there were other nonresident counsel representing the nonresident defendant in error. Service of the bill of exceptions on local counsel for the nonresident defendant in error was binding on "all parties represented in the trial court by the counsel served." *Ware* v. *Ware & Harper,* supra.

Whether or not local counsel for the nonresident defendant in error was absent from the county of his residence during the entire period of ten days in which the bill of exceptions might have been served would not affect the validity of the affidavit of service, which shows service to have been perfected on such local counsel in the manner provided by Code (Ann.) § 6-911 (2). *Sanders* v. *Sanders,* 163 *Ga.* 770 (5) (137 S. E. 15).

The ruling in headnote 4 of the opinion of the Court of Appeals is erroneous.

*Judgment reversed. All the Justices concur.*